D. M. STEELE AND S. R. JOHNSON, PLAINTIFFS IN ERROR, v. RUSSELL AND HOLMES, DEFENDANTS IN ERROR.

1. **Banking**: LIABILITY OF BANKER. Where a banker receives a negotiable instrument for collection, it is his duty to cause it to be presented for payment at maturity, and if refused, protested, so as to charge the indorser.

2. ———: ———. The failure to perform this duty will render him liable for damages thereby occasioned.

3. ———: ———. In an action to recover for such damages the solvency of the indorser is a material inquiry.

4. ——: ——: DEFENSE. It is competent for the defendant in such action to prove that the indorser was, and continues to be insolvent, and that therefore no damages were occasioned by the failure to protest the note.

5. ——: ——: ——. But the mere fact that the indorser is in embarrassed circumstances is immaterial and constitutes no defense.

6. **Pleading:** ADMISSIONS. The plaintiff requested an instruction to the jury "that any allegation" in the petition not denied by the answer "must be taken as admitted, and true." This was refused. *Held,* error, there being material allegations in the petition not denied by the answer.

7. ——: ——. *An instruction* not warranted by the pleadings, even if it state the law correctly, will require the reversal of the judgment, if it have a tendency to mislead the jury.

ERROR to the district court of Johnson county. The opinion states the case.

*T. L. Schick* and *S. P. Davidson,* for plaintiffs in error, insisted that a bank failing to demand payment of a note or bill left with it for collection, becomes liable to the owner for the amount; it is bound to demand payment of the makers, and to cause notice of non-payment to be given to all the indorsers. *Smedes v. Utica Bank,* 20 Johns., 372. *Fabens v. Mercantile Bank,* 23 Pick., 330. *Ayrault v. The Pacific Bank,* 47 N. Y., 570. *Bank of Washington v. Triplett,* 1 Pet., 25. *McKinster v. Bank of Utica,* 9 Wend., 46. *Tyson v. State Bank,* 6 Blackf., 225.

A man is virtually insolvent where his liabilities exceed his means of paying if payment is pressed. But such insolvency can be no complete defense.

The insolvency of the indorser, at most, goes only in mitigation of damages to the extent of the insolvency, and the jury should have been so instructed.

The court erred in refusing to instruct the jury "that any allegation in the plaintiffs' petition which is not

denied in the defendants' answer must be taken as admitted and true." *Cheever v. Mirrick*, 2 N. H., 376. *Briggs v. Dorr*, 19 Johns., 95.

*T. Appleget*, for defendant in error, cited *Brown v. Hurst*, 3 Neb., 353. Sedgwick on Damages, 2d ed., 338, 340. *Brantingham v. Fay*, 1 Johns. Cases, 255. *Billings v. Vanderbeck*, 23 Barb., 555. *Moulton v. Witherell*, 52 Me., 237. *Western Stage Co. v. Walker*, 2 Iowa, 504. *Johnson v. Weedman*, 4 Scam., 497.

LAKE, CH. J.

The action in the court below was brought to recover the amount of a negotiable promissory note, executed by J. H. and A. W. Conlee to one John D. Hetzel, and by him duly indorsed, before maturity, to the plaintiffs. This note was afterwards delivered by the plaintiffs to the defendants, as bankers, for collection, and, in case of non-payment at maturity, to have the same duly protested so as to hold the indorser. These are facts set out at length in the petition, and concerning which there is no dispute. It is further averred in the petition, that the defendants wholly failed and neglected to present said note to the makers for payment at its maturity; and that it was not paid by them. And further, that they also neglected to give notice of the non-payment thereof to the indorser; and that, by reason of the negligence of the said defendants, in their omission to present said note for payment, and to give notice of the non-payment thereof, they have lost the whole amount named in said promissory note. In their answer the defendants deny the whole of the negligence imputed to them concerning said note. They also aver, that at the maturity of the note, the indorser was, and ever since has been, wholly insolvent; "and that the

amount, in said note mentioned, could not at any time have been collected from him by law."

The main points of the defense seem to have been: first, that the defendants were not negligent, in respect to their duty, as bankers, in their efforts to collect and protest said note for non-payment; and, second, that, even if they were guilty of negligence in these respects, the plaintiffs have suffered no loss in consequence thereof, because of Hetzel's insolvency.

The case was tried to a jury, and resulted in a verdict and judgment against the plaintiffs, who bring the case here for the correction of certain errors, alleged to have occurred on the trial.

The first of the alleged errors, that we will notice, consists in the admission of certain testimony, given by Hetzel as to his alleged insolvency. In the course of the examination of this witness, on behalf of the defendants, this question was put to him: "What was your financial condition at the time this note became due and payable?" An objection was interposed, on the ground of immateriality and irrelevancy, which was overruled; and the witness answered, that he "was very much embarrassed." We think, that under the issues joined, this question was proper. It was competent for the defendants to show, if they could, that the indorser of the note was insolvent at the time it matured, and that he continued to be so up to the time of trial. Such testimony would tend to prove, that no substantial damage was occasioned by the alleged negligence of the defendants.

This witness was then asked this question: "State whether or not your financial condition was such that you could meet your liabilities, either at the time of the transfer of this note, or at the time it became due?" This question was objected to, on the ground of its being leading and immaterial. But the court overruled the

objection; and the witness answered, that he "could not." We are of opinion that both of these objections are valid, and ought to have been sustained. It is true, that the answer given by the witness, if properly considered by the jury, could not have prejudiced the plaintiffs; for the mere fact that the indorser was in embarrassed circumstances and unable to meet all his liabilities, falls far short of establishing the insolvent condition required to constitute a defense to the action. But the jury, very likely, would not regard it in this light, unless specially directed by the court. We think it had a tendency to mislead, and should have been rejected.

It is also assigned for error, that the court refused to give the following instruction, tendered on behalf of the plaintiffs, viz: "The jury are instructed that any allegation in the plaintiffs' petition, which is not denied in the defendants' answer, must be taken as admitted and true." It is contended on the part of the defendants, that this instruction was properly refused; that it states the statutory rule of implied admissions much too broadly. In other words, that it is only the material allegations of a pleading that are admitted by the failure to deny them. But we do not think that this technical criticism of the language of the request is justifiable; it is altogether too narrow and arbitrary a construction to satisfy the requirements of the code. It requires us to presume that the petition contains an immaterial allegation, while the presumption really is, that it does not. And, even if there were an immaterial averment, the admission of its truth could neither benefit the plaintiffs nor prejudice the defense. An examination of the pleadings discloses the fact that there were several very material allegations in the petition not denied by the answer, and which should have been taken as true for all the purposes of the action. Probably it would have been better for the instruction to have specified the par-

ticular averments that were not denied, and asked a specific instruction that the jury take them as absolutely true. But, while we regard this as the better practice in such cases, there can be no doubt that the plaintiffs were entitled to have the jury instructed upon that point substantially as requested, and in the very language employed, unless the court saw fit to substitute its own, conveying the same idea.

Again, the court, at the request of the defendants, instructed the jury, " that, if the evidence shows that plaintiffs have not used due diligence in trying to collect the note from the makers, they are not entitled to recover." This instruction, even if it stated the law correctly, was not warranted by the pleadings in the case. There was no issue raised to which it was at all applicable. The plaintiffs were not required, in this action, to show that they had used any degree of diligence whatever, in endeavoring to collect the note from the makers. In a suit against the indorser of a note, where the question of due diligence is raised, such an instruction might be very proper; but here it doubtless had a direct tendency to mislead the jury, and prejudice the plaintiffs' case.

The judgment of the district court is reversed, and a new trial awarded.

JUDGMENT REVERSED.