Gregory v. Hartley.

JOHN S. GREGORY AND WIFE, PLAINTIFFS IN ERROR, V. JOSEPH W. HARTLEY, DEFENDANT IN ERROR.

1. **Action:** CONTRACT AND PROMISES. Where a condition or prom_ise is only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damages have been sustained by the plaintiff.

2. ———: RIGHTS OF A VENDOR OF REAL ESTATE. If a purchaser of real estate agrees to assume and pay certain outstanding indebtedness against the vendor and to save him harmless from the same, if he fails to do so it is not necessary, in order to give the vendor a right of action against him, that he should have first paid the debt himself

3. **Foreclosing Mortgage:** PLEADING. In an action to foreclose a mortgage the petition must state whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt or any part thereof has been collected and paid.

4. ———: ———. If an action has been commenced on the note the petition must show either that the action has not proceeded to judgment, or if a judgment has been obtained, then that an execution against the property of the defendant (other than the mortgaged premises) has been returned unsatisfied, in whole or in part, and that the plaintiff's remedy is exhausted.

5. **Decree:** INTEREST. A decree can draw interest at the rate of twelve per cent. only in cases where the debt upon which it was predicated was drawing interest at that rate.

ERROR from the district court of Lancaster county. Tried below before POUND, J. The facts appear in the opinion.

*Harwood & Ames,* for plaintiffs in error.

Pratt, the assignor of Hartley, defendant in error, could have had no interest in the payment of the Cullen mortgage, or been damnified by its non-payment, unless he had *assumed* and *agreed* to pay it himself when the premises were conveyed to him, and had actually done

so. This would have placed Pratt in relation of surety to the Gregorys, who would have stood as principals. No such facts were alleged or proved. *Lathrop v. Atwood*, 21 Conn., 117. *Wilson v. Stilwell*, 9 Ohio State, 467.

The allegations in the petition of the defendants in error (which were sustained by the judgment of the court) were that the premises did not exceed in value the Cullen mortgage; hence there was no consideration for the covenant on which this action was based, except on the hypothesis that Pratt was bound to Cullen on a similar covenant.

The defendant in error fails to produce these notes or to explain their absence, although in the first petition he alleges that he has said notes, and offers to bring them into court and have them cancelled. These circumstances show that the plaintiffs in error could not have intended to buy more than the equity of redemption. The property being worth only $1,100 or $1,200, as the defendant in error alleges, and as the court finds, there could have been no consideration for the covenant sued on. The property being worth but $1,100, how could the plaintiffs in error have given or intended to have given these notes of $1,100, and agreed besides to take up $1,400 of other indebtedness except in the sense to save Pratt harmless? The district court gave judgment against plaintiffs in error for $1,228, a greater sum than the amount of the notes signed by them, and assessed interest thereon at 12 per cent., when the notes only bore 10 per cent. interest. If the defendant in error was damaged by breach of the covenant in the mortgage, how could he have been damaged to a greater sum than the debt and the legal interest therein contracted? Suppose the equity of redemption had sold for $1,000, and a mortgage had been given back on the premises to secure that sum in which it is covenanted to take up a ten thousand dollar mortgage, can it be pretended that the mort-

gagee who *had* but a thousand dollars interest in the premises is damaged *ten thousand dollars* by the breach of the covenant? It is not pretended that Pratt or his assignee is liable upon or has been damaged by the Cullen mortgage. Upon such a covenant actual damages only can be recovered. *Redfield v. Haight*, 27 Conn., 31. *Thomas v. Allen*, 1 Hill, 145. Sedgwick Damages, 305. *Pool v. Jackson*, 17 Johns., 239. *Aberdeen v. Blackmar*, 6 Hill, 324.

*Lamb, Billingsley & Lambertson*, for defendant in error.

There is a clear distinction between a covenant of indemnity or to hold harmless, and a covenant to do a certain thing. Rawle on Covenants, 153, and cases cited. *Post v. Jackson*, 17 Johns., 239. *Ex parte Negus*, 7 Wend., 499. *Lathrop v. Atwood*, 21 Conn., 116.

*Stout v. Folger*, 34 Iowa, 61, is a case where a purchaser of property agrees to assume and save the vendor harmless from certain outstanding indebtedness against him. The court held it was not necessary, in order to give plaintiff a right of action against the purchaser on his contract, that he should himself have first paid the debt which the purchaser assumed and agreed to pay. And that plaintiff was entitled to recover the full amount of the debt, the payment of which defendant assumed. *Churchill v. Hunt*, 3 Den., 321. *Barry v. Mandell*, 10 Johns., 563. *Manahan v. Smith*, 19 Ohio State, 384.

All the principal authorities we have cited fully and clearly hold that the measure of damages on such a covenant would be the amount that was agreed to be paid by the obligor and was not. If language has any meaning, if covenant has any force, if parties are bound by their agreements, then Hartley could recover on the covenant. Plaintiffs in error urge that it is a covenant of indemnity

only, to save the mortgagee harmless. Bnt the mortgage has both the covenants *to save harmless, and to pay the deed of trust when due,* or as Rawle puts it—a covenant to do a certain thing at a certain time. By the pleadings it is admitted that the property covered by the deed of trust and mortgage is not more than sufficient to satisfy the deed of trust, leaving no security on the property for the mortgage. So Hartley, to save himself, had either to sue on the notes which the Gregorys had agreed to indorse (and did not), or sue on the covenant mentioned in the mortgage.

MAXWELL, J.

On the first day of January, 1874, the plaintiffs in error purchased of one Silas Pratt lot ten, in block thirty-six, in the city of Lincoln, the deed being made to E. Mary Gregory, the wife of John S. Gregory. The consideration stated in the deed was $1,200, to secure the payment of which the plaintiffs in error assigned to said Pratt a note for the sum of $1,100, secured by a mortgage on real estate, said note being due and payable November 20, 1876, and drawing interest at the rate of seven per cent., payable semi-annually. To secure the payment of this note and mortgage the plaintiffs executed a mortgage to Pratt on the premises in question. The mortgage contained this among other provisions: "If all of said conditions, agreements, and covenants are fully kept and fulfilled then this mortgage shall be void, but any failure of any of the terms and conditions for thirty days then at the option of said party of the second part this mortgage may be declared due for the sum of $1,100, with ten per cent. interest thereon from this date, and proceed at once to foreclose the same in court." The mortgage also contained this covenant: "It is hereby stipulated and agreed that said

parties of the first part shall pay all liens and incumbrances on said premises when the same fall due, and hold said party of the second part harmless from the same, particular reference being made to a deed of trust or mortgage, now a lien on said premises, executed by Catherine E. Cullen to the Mechanics' loan and saving association, to secure the sum of fourteen hundred dollars." The notes and mortgages were assigned to the defendant Hartley. A decree was rendered in the court below for the defendant in error, the decree to draw interest at the rate of twelve per cent. The case is brought into this court by petition in error.

In *Steele v. Russell*, 5 Neb., 211, a case somewhat similar to this, the mortgage contained a provision that: " If the said William A. Albright *shall pay or cause to be paid* the said sum of money, with the interest thereon, according to the tenor and effect of said promissory note, then these presents shall be void." The condition of the mortgage in this case is as follows: " This grant is intended as a mortgage to secure the payment of a note secured by mortgage of eleven hundred dollars, executed by Hector Gawley and Andrew Stevenson and secured by said mortgage on property at Newport, Monroe county, Michigan, and due and payable November 20, 1876, said $1,100 note drawing seven per cent. interest, payable semi-annually. Said parties of the first part agree to make up the rate of interest on said note to ten per cent. per annum, payable to said Pratt semi-annually. This is also given to secure the payment of one hundred dollars, to be paid February 1, 1874, with interest at ten per cent. Said $1,100 is payable to Mary E. Gregory, or order, which said note for $1,100 said parties of the first part shall indorse over to said Pratt on or before January 13, 1874. If all of said conditions, agreements, and covenants are fully kept and fulfilled then this mortgage shall be void. But any failure of any of the terms and con-

ditions herein for thirty days, then at the option of the said party of the second part this mortgage may be declared due for the sum of $1,100 with ten per cent. interest thereon from this date, and proceed at once to foreclose the same in court," etc.

The mortgage introduced in evidence was evidently drawn by some one not familiar with the business of conveyancing, and many of its terms are vague and indefinite, but this much is clear, that it was given to secure the payment of the Gawley and Stevenson note alone; and this is the construction put upon the contract by the parties themselves, as the plaintiffs in the court below prayed for a decree for $1,100, with interest thereon.

The rule is well settled that if a condition or promise be only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damage has been sustained by the plaintiff. But if the promise is to perform some act for the plaintiff's benefit, the neglect to perform the act is a breach of the contract, and will give an immediate right of action. *Stout v. Folger*, 34 Iowa, 74. *Lathrop v. Atwood*, 21 Conn., 117. *In re Negus*, 7 Wend., 499. *Thomas v. Allen*, 1 Hill, 145. *Churchill v. Hunt*, 3 Denio, 321. *Wilson v. Stilwell*, 9 O. S., 467.

The rule of law will not be questioned, that when a purchaser of real estate agrees to assume and pay certain outstanding indebtedness against the vendor, and save him harmless from the same, if he fail to do so, it is not necessary, in order to give the vendor a right of action against him, that he should himself have first paid the debt which the purchaser assumed and agreed to pay.

The contract in this case, although it contains a promise to pay off a certain incumbrance, is in the nature of a contract of indemnity that the security held by

Pratt should not be impaired or destroyed by the plaintiffs permitting said lien to remain on the property.

It nowhere appears, nor is claimed, that Pratt or Hartley were in any manner *liable* on the Cullen mortgage, or that they would be injured in the least degree from the failure of the plaintiffs to pay the same, except so far as it impaired their lien. There appears to have been an absolute assignment of the Gawley and Stevenson note to Pratt. This is the note to secure the payment of which the plaintiffs gave the mortgage in question. It does not appear in either the pleadings or proof what has been done with this note. The plaintiffs in the court below introduced the mortgage in evidence on the trial, and evidence of the assignment to Hartley, and rested.

The authorities are uniform that the note is the debt, the mortgage a mere *incident that passes with the* debt. Foreclosure in this state is regulated by statute. At common law, the mortgagee might exercise all his rights at the same time, and pursue his remedy in equity, on the mortgage, and at law upon the evidence of debt, or covenant. 4 Kent's Com., 183, and cases cited. But the statute has changed this rule in this state. Section 850 of the code of civil procedure provides that upon filing a petition for the foreclosure or satisfaction of a mortgage, the complaint *shall state therein whether any proceedings have been had at law* for the recovery of the debt secured thereby, or any part thereof, and whether such debt or any part thereof has been collected and paid. This is an essential allegation in all actions for the foreclosure of mortgages. If an action has been commenced on the note, the petition must show either that the action has not proceeded to judgment, or if a judgment has been obtained, then that an execution against the property of the defendant (other than the mortgaged premises) has been returned unsatisfied in

whole or in part, and the plaintiff's remedy is exhausted. 2 Van Santvoords, Eq., 84.

The petition is clearly defective in this regard, and it may be questioned if it is not faulty in other particulars. The contract in this case was one made by the wife in relation to her own property, and she is bound by her contracts. *Webb v. Hoselton*, 4 Neb., 308. *Davis v. First National Bank*, 5 Neb., 242.

The court has authority under the statute to render a decree drawing twelve per cent. interest only in cases where the debt upon which the decree is predicated was drawing that rate of interest. For the errors herein refered to the judgment of the district court is reversed and a new trial awarded.

REVERSED AND REMANDED.