GEORGE W. FORBES, APPELLANT, V. MARGARET A. McCOY ET AL., APPELLEES.

1. **Mortgage to Secure Surety:** WHEN ACTION LIES. Where the condition of a mortgage is to save the mortgagee harmless from the payment of a debt owing by the mortgagor, for which the mortgagee was surety, *Held*, That no action could be maintained on the mortgage until the mortgagee has paid the debt or some portion thereof—that is, until actual damages have been sustained by him.

2. ———: CONSIDERATION. Where a note was signed by the mortgagee as surety, on March 29th, and a mortgage to indemnify him was made by the principal debtor and wife on April 1st following, *Held*, That there is no presumption that there was no consideration for the mortgage.

APPEAL from the district court of Douglas county. Heard below before NEVILLE, J.

*George W. Doane*, for appellant.

*H. D. Estabrook* and *J. L. Webster*, for appellees.

MAXWELL, J.

This is an action to foreclose a mortgage executed by George A. McCoy and Margaret A. McCoy to the plaintiff upon certain real estate in the city of Omaha. A demurrer to the petition was sustained in the court below and the action dismissed. The plaintiff appeals to this court. It is alleged in the petition, in substance, that on the twenty-ninth day of March, 1870, George A. McCoy, with the plaintiff as surety, executed and delivered to Edward Creighton a promissory note for the sum of $2,000, due in one year from date, with interest at 12 per cent; that to secure and indemnify the plaintiff from loss on account thereof the said George A. McCoy and Margaret A. Mc Coy, his wife, on the first day of April, 1870, executed a mortgage to the plaintiff, upon lot 7, in block 22, in the city of Omaha; that on the tenth day of June, 1872, Edward Creighton recovered a judgment against said George A. McCoy and the plaintiff upon said note for the sum of $2,286 and costs, the plaintiff being certified as surety in said judgment; that on the second of July, 1872, an execution was duly issued on said judgment and levied upon lot 7, in block 22, in Omaha, and the same was sold to William Vorce for the sum of $1,605, who received a sheriff's deed therefor; that at the time of said sale George A. McCoy owned an undivided half of said lot, and Margaret A. McCoy owned the other undivided half interest therein and dower interest in the other half; that after the sale of said lot there still remained due on said judgment

the sum of $786.58, and as George A. McCoy had no other property whereon to levy, the plaintiff, to protect his own property from levy and sale, on or about the —— day of August, 1872, paid to the sheriff of said county the balance remaining due on said judgment, being the sum of $786.58, and that thereby the condition of said mortgage was broken and a cause of action accrued in favor of the plaintiff; that no part of said debt has been paid, etc.   It is also alleged that George A. McCoy died in 1879, and that no letters of administration have been taken out on his estate.   A copy of the mortgage is attached to the petition as an exhibit, and is as follows:   "Know all men by these presents, that we, George A. McCoy and Margaret A. McCoy, husband and wife, of Omaha, in consideration of two thousand dollars in hand paid, do hereby grant, bargain, sell, and convey unto George W. Forbes, of the same place, the following described real estate, situate in the county of Douglas, and state of Nebraska, to-wit:   Lot 7, in block 22, in the city of Omaha, as surveyed and lithographed, together with all the appurtenances thereunto belonging; and we do hereby covenant with said George W. Forbes and his heirs and assigns that we are lawfully seized of said premises, that they are free from incumbrances, and we do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever.   *Provided always*, and these presents are upon this condition, that whereas George A. McCoy and George W. Forbes have made, executed, and delivered to Edward Creighton a certain promissory note for the sum of $2,000, dated March 29th, 1870, due one year after date, with interest at the rate of 12 per cent per annum from maturity until paid, which note was signed by said Forbes as an accommodation maker, and this mortgage is to indemnify and save him harmless.   Now if the said George A. McCoy shall well and truly pay or cause to be paid the said sum of money in said note mentioned, with the interest thereon,

according to the tenor and effect of said note, then these presents shall be null and void. But if said sum of money or any part thereof or any interest thereon is not paid when the same is due, then in that case the whole of said sum and interest shall and by this indenture does immediately become due and payable; or if the taxes and assessments of every nature which are assessed or levied against said premises are not paid at the time when the same are by law due and payable, then in like manner the whole of said sum shall immediately become due and payable, and upon forfeiture of this mortgage, or in case of default in any of the payments herein provided, the said George W. Forbes shall be entitled to the immediate possession of said premises, and in the event of the foreclosure of this mortgage a reasonable sum, to be determined by the court, shall be awarded in addition to the judgment."

There are three grounds assigned in support of the demurrer: 1st, That the right of entry to the mortgagee is a forfeiture, and a right to foreclose accrues at once; 2d, That when the instrument deviates from a simple contract to indemnify, even though indemnity be the sole object of the contract, upon a breach of the condition a cause of action accrues for the whole amount specified; 3d, That the mortgage being made several days after the giving of the note no consideration is shown. If we consider the several provisions of the mortgage together it is pretty clear that the contract is one of indemnity alone—to save the plaintiff harmless if required to pay the note. This being so, he could sustain no action upon the mortgage until he had sustained injury by paying the debt or a portion of it. This question was before the court in *Gregory v. Hartley*, 6 Neb., 356, and it was held that where a condition or promise is only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damages have been sustained by the plaintiff. *Stout v. Folger*, 34 Iowa, 74. *Lathrop v. Atwood*, 21 Conn.,

117. *In re Negus,* 7 Wend., 499. *Thomas v. Allen,* 1 Hill, 145. *Churchill v. Hunt,* 3 Denio, 321. *Wilson v. Stilwell,* 9 Ohio State, 467. The plaintiff was merely surety on the note. The debt was not his own but that of McCoy.

This principle is clearly recognized in *In re Negus,* 7 Wendell, and *Douglass v. Clark,* 14 John., 177. In the case last cited the condition of the bond was that, "if the said Sylvester Clark above bounden shall well and truly pay off and discharge said bond, and save the said Zebulon harmless and indemnified from the payment thereof or any part thereof, and from all costs, damages, and charges thence arising to said Zebulon, then the above written obligation to be null and void," etc. The court say: "Whether this plea be good or not will depend upon what is deemed the true construction of the bond. If the defendant is to be considered as undertaking to pay off and discharge the recited bond, the plea is bad; but if it be considered a bond of indemnity to save the plaintiff harmless from all damages, by reason of the recited bond, the plea is good. 1 Sand., 117 n. 1 Boss. & Pull., 688. We are inclined to think the good sense and sound interpretation of the bond is according to the latter construction. * * * This construction is much strengthened by the circumstance that it appears from the recited bond that the defendant was not the person who was to pay the duties. They were due from Rice, with whom the defendant was bound."

In *Thomas v. Allen,* 1 Hill, 145, it is said the bond in suit was more than a bond of indemnity because it bound the defendant to pay off the plaintiff's debt, and the breach was well assigned by alleging that the obligor had not paid at the day. In that case it is said that *Douglass v. Clark* was silently overruled in *Port v. Jackson,* 17 John., 239. The facts in the latter case cannot be stated in a brief form, but it is clear that the obligation was not one of indemnity alone. In the case under consideration, the bond being

one of indemnity alone, and the plaintiff being merely surety for the payment of the note to Creighton, he sustained no damage for which an action would lie, so far at least as the petition discloses, until he had paid some portion of the debt. And this payment being made within ten years before the commencement of the action, it is not barred by the statute of limitations.

*Second.* The note was executed on the twenty-ninth of March, 1870, and the mortgage in question on the first of April, of that year. So far as appears, the execution of the mortgage was agreed upon at the time the note was signed. The court will not presume that there was no consideration for the mortgage.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.