**Practice; Appearance waives defects in service.**

> A voluntary general appearance on part of a garnishee waives all defects in the garnishee summons or in its service on him.

**Affidavit of garnishment.**

> It is not necessary that an affidavit of garnishment should state that the garnishee is a corporation.

Appeal by the garnishee, the Central Women's Christian Temperance Union of Minneapolis, a corporation, from a judgment of the District Court of Hennepin County, *William Lochren,* J., rendered March 7, 1893, against it for $114.80.

David Howland, plaintiff, commenced this action December 23, 1892, against Hans Jeuel, defendant, upon contract to recover money due from him.   At the same time Howland made and filed an affidavit stating the pendency of the action and that he believed that the Central Women's Christian Temperance Union of Minneapolis was then indebted to Jeuel in an amount exceeding $25. The affidavit did not state that this Union was a corporation.   A garnishee summons was issued and served on Helen E. Gallinger, its treasurer, requiring the garnishee to appear before the Court on February 4, 1893, at 9 o'clock A. M. and answer touching such indebtedness.   The copy summons served was not signed with the name of the plaintiff or his attorneys, but the corporation appeared by its treasurer and disclosed that it was indebted to Jeuel $114.80 for milk supplied by him at its restaurant in that city.   Mary A. Jeuel, defendant's wife, meantime filed her complaint in intervention, by leave of the Court and appeared at the disclosure and claimed that the debt belonged to her.   The Court directed judgment for plaintiff against the garnishee for the $114.80 and it was entered March 7, 1893.   The garnishee appeals.

*John Day Smith,* for appellant.

The affidavit for garnishment is fatally defective in omitting to state that the Central Women's Christian Temperance Union of

Minneapolis is a corporation. The garnishee summons was not signed by the plaintiff or his attorneys and its service did not confer upon the Court jurisdiction of the corporation.

In garnishee proceedings jurisdiction cannot be acquired by voluntary appearance of the parties or be aided by presumptions. Neither can any substantial requirement of the statute be waived by the party garnished, because others have an interest in the result, quite equal to that of the parties to the action. *Weimeister* v. *Manville*, 44 Mich. 408; *Ettelsohn* v. *Fireman's F. Ins. Co.*, 64 Mich. 331.

A garnishee cannot waive material defects in the summons or in its service, to the prejudice of the intervenor or a creditor levying a subsequent attachment. *Southern Bank* v. *McDonald*, 46 Mo. 31; *Haley* v. *Hannibal, St. Joe R. Co.*, 80 Mo. 112; *Gates* v. *Tusten*, 89 Mo. 13; *Pratt* v. *Sanborn*, 63 N. H. 115; *Herrick* v. *Morrill*, 37 Minn. 250.

*Savage & Purdy*, for respondent.

The garnishee has by its conduct in the Court below waived the objections it is seeking to raise here. *Babcock* v. *Sanborn*, 3 Minn. 141; *Holmes* v. *Campbell*, 12 Minn. 221; *Washburn* v. *Winslow*, 16 Minn. 33; *Burt* v. *Parish*, 9 Ala. 211.

This Court has before it no authenticated record of what took place in the District Court. There is no settled case, no bill of exceptions, no certificate from the Judge who heard the case, as to what papers were considered by him on the hearing, or what proceedings were then had. There is then nothing in the record brought here that overthrows the *prima facie* presumption of jurisdiction which attaches to all judgments of the District Court in ordinary actions at law. *Holmes* v. *Campbell*, 12 Minn. 221; *Davidson* v. *Farrell*, 8 Minn. 258; *Smith* v. *Valentine*, 19 Minn. 452; *Herrick* v. *Butler*, 30 Minn. 156; *Nye* v. *Swan*, 42 Minn. 243.

The affidavit of garnishment follows the statute closely and states all that is required by it. An allegation of incorporation is not indispensable in an ordinary pleading by or against a corporation. Its absence does not make the pleading demurrable. 1878 G. S. ch. 66, § 112. *State* v. *Torinus*, 22 Minn. 272; *Zion Church* v. *St.*

*Peter's Church,* 5 Watts & S. 215; *Henriquez* v. *Dutch West India Co.,* 2 Ld. Raym. 1532; *Phoenix Bank* v. *Donnell,* 40 N. Y. 410; *O'Donald* v. *Evansville R. R. Co.,* 14 Ind. 259; *Ryan* v. *Farmers' Bank,* 5 Kans. 658; *Stanly* v. *Richmond, etc., R. Co.,* 89 N. C. 331; *Western Railway* v. *Sistrunk,* 85 Ala. 352.

By appearing and making disclosure without objection the garnishee waived any defects in the summons served upon it. *Prince* v. *Heenan,* 5 Minn. 347; *Hinkley* v. *St. Anthony Falls W. P. Co.,* 9 Minn. 55.

MITCHELL, J.   It is more than doubtful whether the record in this case is sufficient to bring up any question for review.   But, waiving this point, we discover no merit in the appeal.

The voluntary general appearance of the appellant waived all defects in the garnishee summons or in the mode of its service on the garnishee.   It was not necessary that the affidavit of garnishment should state that the garnishee was a corporation.   It is at least an open question whether it is necessary, even in a pleading in an action by or against a corporation, to aver the incorporation, except in cases where the action, as its gist or substance, involves the corporate existence, in which case, of course, it would have to be alleged, the same as any other fact constituting the cause of action.   No such averment was required at common law, and we have no express statute changing the rule.   1878 G. S. ch. 66, § 111, was intended merely to simplify the form of pleading where an averment of incorporation is necessary.   *Dodge* v. *Minnesota P. S. Roofing Co.,* 14 Minn. 49, (Gil. 39.)

But it is enough for the present purposes to say that the statute in relation to affidavits for garnishment (1878 G. S. ch. 66, § 164) does not require any such averment, and, as in any case of attachment, an affidavit is sufficient if it conforms to the statute.

Judgment affirmed.

(Opinion published 56 N. W. Rep. 581.)