J. H. HOLDEN v. GREAT WESTERN ELEVATOR COMPANY.[1]

November 3, 1897.

Nos. 10,673—(39).

$$\frac{69}{84} \quad \frac{527}{252}$$

### Action by Corporation—Pleading Corporate Existence.

In an action by or against a corporation it is not necessary to allege that it is a corporation except in cases where the fact of corporate existence enters into, and constitutes a part of, the cause of action itself.

Appeal by defendant, the Great Western Elevator Company, from an order of the district court for Renville county, Webber, J., over-

[1] Reported in 72 N. W. 805.

ruling its demurrer to the complaint on the ground that it fails to state a cause of action. Affirmed.

*John A. Dalzell* and *Koon, Whelan & Bennett*, for appellant.

In an action by or against a corporation its legal existence should be alleged and proved. Bliss, Code Pl. §§ 246, 247, 258, 260; G. S. 1894, § 5253; Becht v. Harris, 4 Minn. 394 (504); West v. Eureka, 40 Minn. 394; Foerster v. Kirkpatrick, 2 Minn. 171 (210); State v. Chicago, 4 S. D. 261; Byington v. Mississippi, 11 Iowa, 502; Sweet v. Ervin, 54 Iowa, 101; Mechanics v. Spring Valley, 13 How. Pr. 227; Miller v. Pine, 2 Idaho, 1206; Holloway v. Memphis, 23 Tex. 465; President v. Simonton, 2 Tex. 531; National v. Anderson, 2 N. Y. Supp. 49; Oesterreicher v. Sporting Times, 5 N. Y. Supp. 2; Schillinger v. Arnott, 14 N. Y. Supp. 326; Stoddard v. Onondaga, 12 Barb. 573; People v. Central, 83 Cal. 393.

*Baldwin & Patterson* and *E. E. Harriott*, for respondent.

The existence of a corporation, plaintiff or defendant, except when the action, as its gist, involves a corporate existence, is not part of the cause of action, and need not be alleged. Howland v. Jeuel, 55 Minn. 102, 104; Phœnix v. Donnell, 40 N. Y. 410; Union v. Osgood, 1 Duer, 707; Shoe v. Brown, 9 Abb. Pr. 218; Fulton v. Baldwin, 37 N. Y. 648; Kennedy v. Cotton, 28 Barb. 59; Central v. Knowlton, 12 Wis. 696; Rains v. City, 14 Wis. 403; Chickerming v. McDonald, 16 Wis. 117; Milwaukee v. Town, 29 Wis. 51; Exchange v. Capps, 32 Neb. 242; Platte v. Harding, 1 Neb. 461; Stanly v. Richmond, 89 N. C. 331; Adams v. Harris, 120 Ind. 73; Bennington v. Rutherford, 3 Harr. 105; Smith v. Weed, 26 Oh. St. 562; Ryan v. Farmers, 5 Kan. 658; Miller v. Pine, 2 Idaho, 1206.

MITCHELL, J.

This action was brought to recover damages for the wrongful conversion of the personal property of the plaintiff by the defendant. The title of the action was "J. H. Holden, Plaintiff, against Great Western Elevator Company, a Corporation, Defendant," but there was no allegation in the complaint that the defendant was a corporation. The defendant appeared by the name by which it was sued, and demurred to the complaint on the ground that it did not state

facts sufficient to constitute a cause of action.    From an order over-ruling the demurrer, the defendant appealed.

The particular objection urged against the complaint is that it contained no allegation that the defendant was a corporation.    We have, then, the anomaly of the defendant appearing by the name by which it was sued, thereby admitting that it is an entity of some kind capable of appearing as a party to an action, and objecting to the complaint because it does not state what kind of an entity it is. And even if it is necessary, in an action against a corporation, to allege its corporate existence, it would seem to be illogical to hold that the omission to do so could be taken advantage of by general demurrer.

But, waiving this question, we are of opinion that in an action by or against a corporation it is unnecessary to aver the incorporation, except in cases where the action, in its gist or substance, involves the fact of corporate existence, in which case, of course, it would have to be alleged the same as any other fact constituting the cause of action.    The decisions on this question are conflicting, sometimes in the same jurisdiction.    Our own decisions are not entirely free from this criticism.    But, in our judgment, the doctrine just stated is sound on principle, and supported by the weight of authority.    No averment of incorporation was required at common law, and we have no statute requiring it.    When an action is brought by or against a corporation, there is no more reason, in the nature of things, why it should be necessary to allege that it is an artificial person, than there is in an action by or against a natural person to allege that he is such.    It is not a fact which enters into or consti-tutes any part of the cause of action.    We strongly intimated in Howland v. Jeuel, 55 Minn. 102, 56 N. W. 581, that such were our views of the law, which are in accord with those expressed by Mr. Freeman in his notes to Harris v. Muskingum, 29 Am. Dec. 375, and to Miller v. Pine, 2 Idaho, 1206, 35 Am. St. Rep. 291, in which we fully concur.

Order affirmed.