JAMES PETERSON and Another v. LAKE TETONKA PARK COMPANY.

May 13, 1898.

Nos. 11,150—(95).

Garnishment—Failure of Garnishee to Answer—Affidavit of No Debt — Appearance by Attorney — Service of Summons — Return of Sheriff.

The garnishee in this case appeared by its attorney on the return day of the summons, and offered to file an ex parte affidavit denying in general terms its liability, but did not offer to appear and answer in any other manner. *Held*, that judgment was properly entered against it for failure to make disclosure as required by the statute.

Appeal by Minneapolis & St. Louis Railroad Company, garnishee, from a judgment of the district court for Le Sueur county, in favor of plaintiff and against the garnishee, for $427.62, entered in pursuance of the order of Cadwell, J. Affirmed.

*Albert E. Clarke* and *Wilbur F. Booth,* for appellant.

*P. J. Kirwin,* for respondents.

START, C. J.

The plaintiffs had judgment against the defendant by default, and upon motion, based upon the judgment against the principal defendant and the garnishee proceedings herein, the trial court ordered judgment against the garnishee, which was entered, and from which it appealed.

1. The appellant claims that there was no valid judgment against the defendant, because there was no proof of the service of the summons. The return of the sheriff shows that he served the summons on the defendant, naming it, by handing to and leaving with George Andrews, the president of said Lake Tetonka Park Company, a corporation, a true and correct copy thereof. It is claimed that proof should have been made that the person with whom the copy was left was in fact an officer of the corporation upon whom service might legally be made. The sheriff's certificate was prima facie evidence of the fact, and the proof of service legally sufficient. A similar objection is made to the proof of service of the garnishee summons on the garnishee, and a further objection that it does not appear that the fees and mileage of the garnishee were paid to the same person to whom the copy of the summons was delivered. The proof of the service was sufficient, and whether the right person received the fees is of no importance, as the garnishee appeared without objection.

2. On the return day of the garnishee summons, the garnishee appeared by its attorney, and offered to file as its disclosure the affidavit of its assistant treasurer stating in general terms that it had no money or effects in its hands or under its control belonging to the defendant and that it was not indebted to the defendant in any sum whatever at the time the garnishee summons was served. Objections were made by the plaintiffs to the affidavit being re-

ceived, on the ground that the garnishee was bound to appear by some officer or agent having knowledge of the facts and answer under oath such questions as might be put to him touching any money, property, or effects in the hands of the garnishee belonging to the defendant, or indebtedness to it. The objections were sustained. The clerk before whom the summons was returnable held the proceedings open for two hours, and then certified them to the court, stating in his report, in effect, that the garnishee made no appearance, answer, or disclosure other than we have stated.

The trial court, on motion of the plaintiffs and notice to the garnishee, ordered judgment against it for the amount of the judgment against the defendant on the ground that the affidavit was not a sufficient answer by the garnishee. Thereupon, and before the entry of the judgment, the garnishee moved the court to direct the clerk to correct and amend his report. This motion was made upon affidavits tending to show that the attorney of the garnishee who appeared for it was fully informed as to the state of the account between the defendant and garnishee, and was authorized to make disclosure for it, and that he did offer to be sworn and to answer and make disclosure for it. The affidavits in opposition to the motion tended to show that no such offer was made by the attorney, and that the report of the clerk was correct in all particulars. The motion was denied, and judgment was entered pursuant to the order of the court.

As the motion to have the report amended was denied on conflicting evidence, the order of the court therein must be affirmed. This leaves the question whether the affidavit which the garnishee offered to file as its disclosure was a sufficient answer. Our statute does not provide for any pleading on the part of the garnishee, which is the case in some states. He is required to appear before the judge or other officer, and answer upon oath touching his indebtedness to the defendant, and any property, money, or effects of the defendant in his possession or control. G. S. 1894, §§ 5308, 5317. If the garnishee be a corporation, it must appear by some officer or agent having knowledge in the premises, to answer, and be examined for it. G. S. 1894, § 5311. The plaintiff is given the right to examine the garnishee touching such indebtedness, prop-

erty, money, or effects, so as to elicit all the facts, so that the court, not he, may decide as to his liability. To permit the garnishee to file a general denial in the form of an ex parte affidavit would defeat this right, and constitute the garnishee exclusively the judge of the law as well as the facts. The affidavit was properly disregarded by the court, and the garnishee treated as in default in failing to answer as the statute requires.

Judgment affirmed.