Honaker v. Vesey.

---

JAMES C. HONAKER V. WILLIAM L. VESEY ET AL.

FILED JANUARY 19, 1899.   No. 8666.

1. **Replevin:** ACTION BY JOINT OWNERS. It is proper for joint owners of chattel property to join in an action for the recovery of its possession.

2. **Assignments of Error:** CROSS-EXAMINATION. To obtain review of alleged error in the denial of the cross-examination, if the complaint is directed against a denial of answer to a single or separate question, the assignment must be specific.

3. **Conflicting Evidence:** REVIEW. Findings of a trial court based upon conflicting evidence, of which there is a sufficiency in their support, will not be disturbed in this court.

4. **Replevin:** FAILURE TO GIVE BOND: PLAINTIFF'S DAMAGES. If the plaintiff in an action of replevin fails to give the undertaking required by law and the property is returned to the defendant, the action may proceed as one for damages only, and if the plaintiff prevails, his measure of damages is the market value of the property and the lawful interest thereon. (*Baum Iron Co. v. Union Savings Bank*, 50 Neb. 387.)

5. **Chattel Mortgages:** INDEMNITY. A mortgage in terms to secure the payment of a debt evidenced by a promissory note may be shown to be one of indemnity only.

6. ——: ——: FORECLOSURE. An indemnity mortgage may not be foreclosed by the original mortgagee or an assignee after maturity until the damages have been suffered, against or for which the indemnity was sought to be provided.

ERROR from the district court of Logan county. Tried below before NEVILLE, J. *Affirmed upon filing of remittitur.*

*Wilcox & Halligan*, for plaintiff in error.

*Hoagland & Hoagland, contra.*

HARRISON, C. J.

Possession of a number of different articles, principally household furniture, was taken for the plaintiff in error, his claim thereto arising under the provisions of a chattel mortgage. The defendants instituted this, in its inception a replevin action, to obtain possession of the property, but did not furnish the undertaking required by law, and the property was returned to the plaintiff in error and the action proceeded as one for damages only. A trial to the court, a jury being waived, resulted in a judgment for the defendants in error.

In an error proceeding to this court it is complained for the plaintiff that the defendants in error were not joint owners of the property which was replevied, but were owners of separate and distinct portions or articles of it; hence could not join in the suit, and their doing so constituted a fatal misjoinder. If the facts had been as contended by counsel for plaintiff in error, there was the misjoinder. On the subject of the ownership of the property a finding that the parties were not joint owners of the property would have been warranted by the evidence, but a contrary finding, or that they were joint owners, had sufficient of the evidence in its support. The latter was the one adopted and enforced by the trial court, and we will not disturb it, and must conclude that there was no misjoinder of parties.

It is also urged that the court erred in denying the plaintiff in error the right to cross-examine a witness on a stated subject. There was not an entire denial of such right, and the assignment of error is not specific enough to call for the examination of any single or separate denial of a question in cross-examination.

The findings and judgment were as follows: "The court finds that the right of property and right of possession of said property described in the replevin affidavit and petitions of plaintiffs, when this action was commenced, were in the plaintiffs; that the value of said property was the sum of $124.55. The court also finds that the plaintiffs failed to give an undertaking as required by law, and said property was retained by the defendant. The court also finds that the plaintiffs have been damaged by reason of the wrongful taking of said property by defendant in the sum of $160, in addition to the value of said property as found herein. It is therefore considered by the court that the plaintiffs recover from the defendant the sum of $284.55, their damages, and the value of the property so found by the court, and their costs herein expended, taxed at $160.82." The articles of which possession was taken under the mortgage were in use at the time by the defendants in error in a hotel in which they were then catering to the wants and wishes of any of the public who might apply for their services, and the damages allowed were for stoppage to and inconvenience in conducting the business alleged to have been caused by the seizure of the furniture, etc. These damages, it is contended, should not have been allowed; that the true measure of damages herein was the value of the property and interest thereon from the time it was taken. "In replevin, where the property has been returned to the defendant for the failure of the plaintiff to give the statutory undertaking, and the action proceeds as one for conversion, the measure of his damages, in case the right of property and right of possession are found in his favor, is the market value of the prop-

erty, with lawful interest thereon." (*Baum Iron Co. v. Union Savings Bank*, 50 Neb. 387; *Hainer v. Lee*, 12 Neb. 452.) Counsel for defendants in error strenuously insist that the above rule is wrong, and not applicable in the present case, but after an examination and consideration of the arguments presented and authorities cited we must again approve the doctrine and as pertinent to the facts herein.

It was established by the evidence that certain parties had signed as sureties a bond that the defendants in error (they were husband and wife) should do and perform certain acts in a business transaction, and a note and the mortgage, under which the plaintiff in error asserted the right of possession of the property, had been given to indemnify the sureties for any loss they might suffer in such capacity; and a closely contested point, and relative to which the evidence was directly in conflict, was in regard to whether any damages had at the time it was sought to foreclose the mortgage been suffered by the sureties. The note and mortgage had been after maturity transferred to the plaintiff in error by the original party or parties to them. A mortgage which in terms purports to secure the payment of a debt evidenced by a described note may be shown to be one of indemnity only. (Wiltsie, Mortgage Foreclosures sec. 299.) An indemnity mortgage may not be foreclosed until the event against which it was to be effectual has occurred, nor until the mortgagee has suffered the damages for which the indemnity was provided. (*Forbes v. McCoy*, 15 Neb. 632; *Gregory v. Hartley*, 6 Neb. 356.) The trial court concluded, upon conflicting evidence, that the parties to be indemnified had suffered no damages. The conclusion was supported by the evidence and will not be changed.

The amount of damages, as we have before seen, was too large. The defendants in error should have recovered no more as damages than interest at seven per cent per annum on the value of the property from its taking, September 17, 1894, to the term of court at which it was

tried. This is $8.35. The defendants in error may within twenty days remit from the amount of the judgment rendered the sum of $151.65, as of the date of its rendition. If this is done, the judgment may stand affirmed; if not done, the judgment is reversed and the cause remanded.

JUDGMENT ACCORDINGLY.