## PERCY J. CULVER v. FRANK O. JOHNSON.[1]

November 5, 1915.

Nos. 19,424—(71).

**Garnishment — issue of fact presented by disclosure.**

Garnishment proceedings were duly instituted in which it was sought to charge the garnishee with liability to defendant under an indemnity insurance contract; the contract was entered into in the state of Nebraska where the parties resided, and was to be performed in that state; in the disclosure the garnishee alleged and claimed that under the laws of Nebraska no liability under the contract attached until the defendant, the contract indemnitee, had in fact suffered loss or damage by the payment of the claim from which he was protected by the contract. It is *held*:

(1) That the disclosure was in effect a denial of liability, was sufficient in form, and presented an issue of fact as to the law of Nebraska, to be tried upon supplemental complaint as provided for by G. S. 1913, § 7870.

(2) In view of the issue thus presented plaintiff was not entitled to judgment on the disclosure.

Action in the district court for Ramsey county. The Maryland Casualty Company of Baltimore was served with garnishee summons and the garnishee made the disclosure mentioned in the opinion. The garnishee's motion for discharge was denied and plaintiff's motion for judgment against the garnishee was granted, Dickson, J. From the judgment entered pursuant to the order for judgment, the garnishee appealed. Reversed.

*Barrows, Stewart & Ordway,* for appellant.

*C. D. & R. D. O'Brien* and *Crane, Boucher & Sternberg,* for respondent.

BROWN, C. J.

Plaintiff and defendant both reside in the state of Nebraska. At a time prior to June, 1914, plaintiff was in the employ of defendant, and

[1] Reported in 154 N. W. 739.

while engaged in his work received an injury, for which he was awarded a judgment by the district court of Nebraska against defendant for the sum of $5,000. Defendant was an employer of labor; and, for a valuable consideration, appellant in this action, a corporation of the state of Maryland, issued to him a policy of casualty insurance, by which appellant undertook and agreed to indemnify defendant against loss or damage occasioned by injuries to his employees, and for which defendant, the employer, should be held liable. The policy is in the usual form of such contracts, the terms and provisions of which need not be here enlarged upon. The judgment so recovered by plaintiff against defendant was duly rendered and entered on June 23, 1914. Appellant, as authorized by its indemnity contract, conducted the defense in that action jointly with attorneys employed by defendant. After the rendition of the judgment an appeal therefrom was duly taken to the supreme court of Nebraska, but, as no *supersedeas* was taken, plaintiff was at liberty to proceed to enforce payment of the same. The appeal is still pending and undetermined. Subsequent to the entry of the judgment in the Nebraska court plaintiff brought this action in this state to recover thereon. At the time of the commencement of the action in this state plaintiff caused garnishee process to be issued to appellant, seeking thereby to charge it with liability under its indemnity contract with defendant. The appellant, though a Maryland corporation, is authorized to do and is doing business in this state, and the garnishee summons was properly served. Defendant came into the state from his home in Nebraska, and submitted to service of the summons in the main action. Upon the return day of the garnishee summons appellant appeared by its authorized agent and disclosed the existence of the indemnity contract, but alleged in defense of its liability:

"And further the garnishee alleges as a fact, that under the laws of the state of Nebraska, the garnishee in this action would not be liable either to the plaintiff or the defendant until the defendant had satisfied the judgment which was rendered against him."

Plaintiff had judgment against defendant for the amount of the Nebraska judgment, and thereafter moved the court for judgment against the garnishee upon the disclosure. The garnishee moved that it be discharged, and the motion was supported by affidavits of attorneys resid-

ing in Nebraska, to the effect that the common law of that state sustained the garnishee's contention of nonliability until payment of the judgment by the indemnitee. The court denied the motion to discharge and ordered judgment against the garnishee for the sum of $5,000, the amount agreed to be paid under the indemnity contract. Judgment was so entered and the garnishee appealed.

Judgment can be ordered against a garnishee on his disclosure only when he admits that he is indebted to defendant, or has money or property in his hands or under his control belonging to him, or when the facts disclosed by him clearly and beyond doubt show that such is the case. And, where judgment is demanded on the disclosure, the answers and statements of the garnishee must be taken as true; if the plaintiff is not satisfied therewith, his only course is to proceed by supplemental complaint in the manner pointed out by the statute. Vanderhoof v. Holloway, 41 Minn. 498, 43 N. W. 331; Stub v. Hein, 129 Minn. 188, 152 N. W. 136. In the case at bar it does not appear that the garnishee has either money or property in its hands or under its control belonging to defendant. The possession of money or property belonging to defendant is not claimed by plaintiff. The claim is that the garnishee is indebted to defendant under the indemnity contract, and it is sought to charge it therewith in this action. In response to this claim the garnishee admitted the existence of the contract but denied liability thereunder. The contract is one against loss or damage suffered by the indemnitee, not against liability, and it was alleged and claimed that under such a contract no recovery can be had under the law of Nebraska, unless loss or damage has in fact been suffered. And this seems to be the law of that state. Honaker v. Vesey, 57 Neb. 413, 77 N. W. 1100; Forbes v. McCoy, 15 Neb. 632, 20 N. W. 17; Gregory v. Hartley, 6 Neb. 356.

Such was the state of the case as left by the disclosure, and we have only to determine whether the facts bring it within the rule requiring the plaintiff, where the liability of the garnishee is denied or doubtful on the disclosure, to proceed by supplemental complaint. We answer this question in the affirmative.

The contract was entered into in the state of Nebraska, where plaintiff and defendant resided, and where the garnishee was lawfully trans-

acting its business. It was to be performed in that state, at least the record contains nothing to justify the conclusion that it was to be performed elsewhere, and the rights and liabilities of the parties are therefore controlled by the laws of that state. Swedish American Nat. Bank of Minneapolis v. First National Bank of Gardner, 89 Minn. 98, 94 N. W. 218; and authorities cited at page 111, et seq. [94 N. W. 218, 99 Am. St. 549]; Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L.R.A. (N.S.) 1094, 127 Am. St. 562, 15 Am. Cas. 1053. Of course, as urged by counsel for plaintiff, the courts of this state have jurisdiction of an action on the contract, but all substantive questions as to the rights and liabilities of the parties must be determined by the law of the place of contract—the law of Nebraska.

The issue of liability was sufficiently raised by that part of the disclosure which alleged that under the laws of Nebraska the garnishee was not liable until defendant had paid the judgment. 10 Standard Enc. Proc. 535, et seq. It presented a question of fact, for the courts of one state do not take judicial notice of the common or statutory law of a sister state. In the absence of any evidence upon the subject the common law is presumed the same in each state. But when an issue is raised the question resolves itself into one of fact to be heard and determined as other issues are heard and determined. In garnishment proceedings, where the question of liability is raised by the disclosure, the only course open to plaintiff in the action is by supplemental complaint. Bradley v. Thorne, 67 Minn. 281, 69 N. W. 909; Pitzl v. Winter, 96 Minn. 499, 105 N. W. 673, 5 L.R.A. (N.S.) 1009. The issue cannot be litigated before the clerk in the disclosure proceedings, or tried out upon affidavits upon a motion for judgment against the garnishee, or upon a motion for his discharge, but only in the manner pointed out by the statute. G. S. 1913, §7870. And in the face of the denial of liability in the case at bar plaintiff was not entitled to judgment on the disclosure.

Judgment reversed, and cause remanded for further proceedings.