STEPHEN SINGER, DOING BUSINESS AS SINGER BROS.
v. JOHN EIDELBLIS AND ANOTHER.
NICK BUNDHUND, APPELLANT.[1]

October 13, 1922.

No. 22,735.

**Garnishment—disclosure on appeal from justice court.**

1. When on appeal from the justice court a garnishee is permitted to disclose de novo in the appellate court, it is proper to receive as part of such disclosure the disclosure in the justice court.

**Contradiction of disclosure not admissible—explanation admissible.**

2. A plaintiff in a garnishee proceeding cannot offer evidence contradicting the garnishee's disclosure, but may adduce testimony to develop and explain facts admitted or disclosed by the garnishee.

**Judgment against garnishee sustained.**

3. The disclosure clearly showed that the garnishee had money in his control belonging to defendant and judgment was properly ordered.

Nick Bundhund was garnished in justice court. From the judgment entered against him he appealed to the district court for Pennington county, where he made disclosure de novo, and Grindeland, J., ordered judgment against him for $99.74 and costs. From the judgment entered pursuant to the order for judgment, garnishee appealed. Affirmed.

*J. M. Bishop*, for appellant.
*Theo. Quale*, for respondent.

HOLT, J.

In a garnishee proceeding in justice court judgment was rendered against the garnishee for the amount of the judgment entered against defendant by default. The garnishee appealed to the district court where a disclosure de novo was accorded him. Upon such disclosure the court directed judgment to be entered in favor

[1]Reported in 190 N. W. 66.

of plaintiff and against garnishee. The latter appeals from the judgment so entered.

The Farmers State Bank of Goodridge clerked an auction sale held by defendant. The garnishee was cashier of the bank and personally clerked the sale, receiving the proceeds. He also had the active charge of the affairs of the bank. The bank held a chattel mortgage on a part of the property disposed of at the auction. This mortgage secured a note of defendant to the bank. The garnishee claimed that on the night of the auction he took the proceeds of the sale and placed them in the bank vault, and later, but before the next morning when the garnishee summons was served upon him, applied the whole amount upon the note. There was property of defendant sold at the auction not covered by the chattel mortgage which brought an amount exceeding the sum for which judgment was ordered against the garnishee.

It is claimed the court erred in receiving in evidence the disclosure of the garnishee made in the justice court. The court was required to pass on the veracity of the disclosure, and to do so could properly consider the one previously made by the same person. There was no error in the ruling.

Over appellant's objection that no supplemental complaint had been filed, plaintiff was permitted to testify. This procedure is not to be commended. If plaintiff is unwilling to stand solely upon a garnishee's disclosure, leave should be obtained to serve and file a supplemental complaint upon which the garnishee may join issue and a trial be had. But in this instance we fail to see any prejudice to the garnishee. The only matter of importance testified to by plaintiff was that, at half past two in the afternoon of the day the auction was held, he delivered to the garnishee an order from defendant authorizing the payment of $89.70 out of the proceeds of the auction to plaintiff. The garnishee had already admitted the receipt of this order in his disclosure, so no harm could come to him. Furthermore, plaintiff's testimony was not in contradiction of the garnishee, but in explanation and development of facts disclosed by him. Leighton v. Heagerty, 21 Minn. 42.

The contention that upon the disclosure plaintiff was not entitled to judgment cannot be sustained. The court could not well conclude otherwise than that the proceeds from the auction in the hands of the garnishee were defendant's, except the sums realized from the property covered by chattel mortgages; that more than sufficient of the proceeds came from the sale of property not so covered to pay plaintiff's judgment; and that the garnishee had no authority to apply the money derived from the property not mortgaged upon the note of defendant held by the bank. It is true that judgment can be ordered against a garnishee on his disclosure only when the facts disclosed by him clearly and beyond doubt show that he is indebted to defendant or has property or money in his hands or under his control belonging to him. Culver v. Johnson, 131 Minn. 75, 154 N. W. 739. When, however, the facts disclosed, as a matter of law, require the conclusion, as here, that the garnishee had money in his hands belonging to defendant, judgment is properly ordered against him, and his denial of liability does not call for the trial of issues under a supplemental complaint. The money was in the bank vault under the garnishee's control when he was served.

No confusion need be created from the circumstance that the garnishment was made upon the person who was the bank's cashier and not upon the bank. He personally had the actual custody and control of the funds derived from the auction, even though he acted for the bank in clerking the sale. He alone undertook to make the application upon the note, without authority and in spite of the notice or order previously given him by defendant to apply part thereof upon the claim of plaintiff.

The judgment must be affirmed.