## SECURITY STATE BANK OF LEWISTON v. HERMAN THOR AND OTHERS. CHARLES WEAVER, GARNISHEE.[1]

September 25, 1931.

Nos. 28,537, 28,560.

A. B. Christofferson, for appellant.

Brown, Somsen & Sawyer, for respondent.

STONE, J.

Plaintiff had judgment against defendants for $2,073.16 January 20, 1931. Garnishment proceedings, with Charles Weaver as garnishee, had been commenced the preceding December. Plaintiff took a default judgment against him January 20, 1931. From the order denying his motion to vacate that judgment and also from the judgment itself the garnishee appeals.

The claim of appellant is that the service of the garnishee summons was fatally defective and that no jurisdiction of him was acquired otherwise. The service was defective. It was not made upon the garnishee personally, but upon F. R. Miller, the office employe hereinafter referred to. Such service conferred no jurisdiction for the simple reason that the statute (G. S. 1923 [2 Mason, 1927] § 9358) requires personal service of a garnishee summons.

[1] Reported in 238 N. W. 52.

But we must affirm the judgment. The record discloses sufficient evidence to sustain the conclusion reached below that, notwithstanding the defect of service, the garnishee made a general appearance. Disclosure was first set for January 10. Mr. Miller requested the clerk, before whom the disclosure was taken, for a continuance to January 17, which was granted. On that date one McFarland appeared personally before the clerk, bearing a letter of introduction signed "Charles Weaver, by F. R. Miller," stating that he, McFarland, would "submit to you a statement of the account" of defendants "as of December 12th, 1930, date upon which garnishment was filed with us." That statement of account was submitted to the clerk as an attempted substitute for disclosure. It was repudiated as such on behalf of plaintiff upon the sufficient grounds stated and explained in Peterson v. Lake Tetonka Park Co. 72 Minn. 263, 75 N. W. 375. The statute (G. S. 1923 [2 Mason, 1927] § 9362) requires, in the case of an individual garnishee, his personal appearance and answer upon oath concerning his indebtedness to the defendant, and any property, money, or effects of the defendant in his possession or control. Plaintiff has the right therefore to examine the garnishee under oath "to elicit all the facts, so that the court, not he, may decide as to his liability." [72 Minn. 266.]

The garnishee is a general contractor. His residence and general office appear to be at Anoka, where the attempted service was made on Miller, who is shown to have been at the time a sort of office manager for the garnishee. The precise proof is that he had "charge of the books and the administration of office affairs for said Charles Weaver." The latter, in the usual course of his business, is subjected to frequent garnishments, there having been ten or a dozen of them during 1930. During that year and the two preceding, it was the custom of the sheriff of Anoka county to serve garnishee summonses against Weaver on Miller at the office. The record does not disclose how such proceedings terminated. On the other hand, it does not appear that Weaver has ever objected to that proceeding. In fact the record lacks any statement from him

on that subject or any other. He chose to remain silent. In that situation no fault is to be found with the conclusion of the trial judge that Miller was authorized to have a general appearance made for Weaver and did so. The letter introducing McFarland to the clerk and vouching for his right to make a disclosure (in so far as the statement of the defendants' account could be taken as such) appears on its face to have been written by authority of Weaver and on his behalf. That, together with the showing of Miller's general authority, is sufficient to make a prima facie case. There being nothing contra in the record, there is ample ground for concluding that the appearance was by authority of Weaver.

The fatal defect in the service was not helped in the least by the fact that subsequently the garnishee was given ample opportunity to appear. No amount of such opportunity, standing alone, would make the service good or confer jurisdiction. The service never was made good. But the general appearance, which is found to have been made, conferred jurisdiction. Howland v. Jeuel, 55 Minn. 102, 56 N. W. 581. That is enough to sustain the judgment, there having been an utter failure on the part of the garnishee to make the disclosure required by law. Peterson v. Lake Tetonka Park Co. 72 Minn. 263, 75 N. W. 375.

Judgment affirmed.

WILSON, C. J. (dissenting).

I do not think the record supports the conclusion that the garnishee made a general appearance.

LORING, J. (dissenting).

I agree with the Chief Justice.