OLDS MOTOR WORKS v. A. W. BERGGREN AND ANOTHER. TRANSPORTATION INDEMNITY COMPANY OF NEW YORK, GARNISHEE.[1]

October 13, 1933.

No. 29,574.

*John B. Burke* and *Daggett & Redlund,* for appellant.
*Clifton T. Parks* and *Keller & Chapin,* for respondent.

*PER CURIAM.*

Plaintiff was successful in an action against defendants for damages sustained in an automobile accident. The garnishee had issued to defendants an ordinary indemnity policy. Upon the record in this case the trial court made findings:

(1) That judgment was entered in favor of plaintiff against the defendants for $550.21 and that said judgment is wholly unsatisfied of record; (2) that after the entry of judgment appellant here was garnisheed in a proper manner; (3) that the return of the appointed referee disclosed that the garnishee appeared only by its attorney and filed a purported written disclosure together with two (third party) affidavits; that this procedure was objected to by plaintiff; that the attorney was sworn and partially examined; that the attorney refused to answer numerous questions put to him and finally refused to answer further questions and refused to disclose

[1]Reported in 250 N. W. 567.

other than by the purported written disclosure filed; (4) that the garnishee wrongfully and unlawfully failed to disclose in said garnishment proceeding as provided by law and is in default for failure so to disclose; that the purported written disclosure and affidavits filed by the garnishee are not a lawful and proper disclosure.

Upon such findings judgment was ordered and entered in favor of plaintiff against the garnishee in the amount of the judgment, with interest. From that judgment the garnishee appealed.

In its memorandum, made a part of the order, the court held that the affidavits presented by the garnishee were ineffectual as a disclosure, citing Peterson v. Lake Tetonka Park Co. 72 Minn. 263, 75 N. W. 375; that the attorney in question flatly refused to answer questions reasonably tending to develop liability on the part of the garnishee and finally refused to answer further questions. The court's suggestion that the matter might be disposed of by a further disclosure was not accepted by the garnishee. Reference was also made to the right of plaintiff to bring out all the facts and that the garnishee was not the judge of its own liability, citing Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139; Singer v. Eidelblis, 153 Minn. 222, 190 N. W. 66.

An examination of the entire record shows that the provisions of 2 Mason Minn. St. 1927, §§ 9362-9363, requisite to a proper disclosure were not complied with, and there must be an affirmance.

Affirmed.