27 125
43a 374
27 125
89a 533

## Picot, Respondent, v. Signiago, Appellant.

1. A. contracted to build for B. a house; C. and A. agreed to secure B. against all liens, claims and losses. Liens were filed by sub-contractors against said house upon which writs of *scire facias* were issued against A. and B. These writs were served upon B., the owner, but not upon A. Judgments by default were rendered against B., which he paid. *Held*, in a suit instituted by B. against C. to recover damages for the breach of the agreement above referred to, that the records and proceedings in said suits against B. were admissible in his favor to show the amount of the judgments, and the payment of them by him. The judgments were not, however, conclusive upon C.

2. Judgments in enforcement of liens against A. and B., upon service of process upon both, would be conclusive upon C.

*Error to St. Louis Court of Common Pleas.*

The case has heretofore been before the supreme court. For a statement of the facts see the report of the decision of the supreme court, 22 Mo. 587. On the second trial the plaintiff, Louis G. Picot, introduced in evidence, against the objection of defendant, the records and proceedings in vari-

ous suits instituted in the St. Louis circuit court, by various parties, against said Picot and Porter Bush, to enforce liens against the building contracted to be built by said Bush for said Picot. From these it appeared that the plaintiffs in said suits (contractors under Bush) had filed in the clerk's office of the St. Louis circuit court their demands for the purpose of completing their liens ; that writs of *scire facias* were issued in each case against said Picot, the owner, and said Bush, the contractor ; that there was no service of process upon Bush, nor had he any notice of the various proceedings ; that Picot failed to appear, and judgments by default were rendered against him, and orders of execution were made against the market-house. These judgments Picot paid. The court also admitted in evidence, against the objection of defendant, transcripts of entries in the docket of justice Kitzmiller showing judgments against Porter Bush in various suits instituted to recover demands accruing to the several plaintiffs as sub-contractors or material men under Bush, and which they had filed as liens. Picot voluntarily paid these judgments.

The defendant offered to prove that at the time of the agreement between Bush and Picot it was agreed and understood that Signiago was only security for Bush ; that at the time of the filing of the lien against the market-house and all the subsequent proceedings said Bush was out of the state, and that there was never any service had upon him in any case whatever ; that he did not owe any one of the parties to the liens against the market-house any sum whatever when he left the state. The court ruled out this testimony.

The court, among other instructions, gave the following : " If the jury find that before the commencement of this suit the plaintiff paid the judgments read in evidence rendered in the circuit court of St. Louis county and by the justice of the peace, they will find for the plaintiff the amounts so paid and costs paid on said judgments and proceedings, less .the sum plaintiff still retained in his hands."

The jury found for plaintiff.

*H. N. Hart*, for appellant.

I. Bush was not a party to the proceedings by *scire facias*. No judgment could properly be rendered against Picot. (Wibbing v. Powers, 25 Mo. 599.) The judgments against Picot were not valid liens. Signiago was not a party to the proceedings against Bush and Picot. He ought not to be made to pay Picot what neither he nor Bush had an opportunity to contest.

II. The court below ought to have excluded the transcripts of the justice. They were general judgments and not judgments such as are required under the lien act. (R. C. 1845, p. 735; Sess. Acts. 1843, p. 84.)

III. The court erred in excluding the evidence offered by defendant.

*L. G. Picot*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

We do not perceive upon what ground the judgments in the circuit court against Picot by default were held conclusive upon Signiago. His principal, Bush, was not a party to the proceedings. The record shows that he had no notice. Picot had unquestionably the right to pay the sub-contractors without suit, if he was satisfied of the justice of their claims, and if he was willing to assume the responsibility of establishing their validity in the event of a question between him and the principal contractor. In what respect does he occupy a different position by letting judgments go against him by default, Bush not being a party? These records were evidence to show the facts established by them, the amount of the judgments, and the payment of them by Picot. They were not however conclusive on the contractor or his security, because they were not parties to them. The evidence offered by the defence, to show that these claims had been paid or were not justly due, should have been received.

In relation to the judgments before Justice Kitzmiller, the

case is different. The records show a service upon Bush, and this he (nor his security Signiago) can not contradict, at least in the collateral way. When filed in the circuit court according to the provisions of the local statute (Acts of 1843, § 7,) they became liens upon the property; and as Picot, the owner, could not dispute their validity, they are conclusive upon Signiago now. So far as these latter judgments are concerned we see no error in the action of the court.

Judge Scott concurring, the judgment is reversed and the cause remanded. Judge Richardson not sitting.