MERRILL H. COMSTOCK V. JAMES S. CAMERON ET AL.

FILED SEPTEMBER 19, 1894.    No. 5317.

Action on Builder's Bond: ADMISSIBILITY OF RECORDS OF LIEN AND DECREE OVER OBJECTION OF SURETY.    Where the undertaking of a surety was that buildings should be erected by his principal upon certain real property and the same turned over free from incumbrance, proper records showing the filing of claims for mechanics' liens, and a decree establishing the same as claimed, are admissible as proof of the existence of liens against said property in a suit against the surety on his undertaking, notwithstanding the fact that such surety was neither named in, nor made a party to, the proceedings evidenced by such records.

ERROR from the district court of Douglas county.    Tried below before IRVINE, J.

The opinion contains a statement of the case.

*Kennedy & Learned*, for plaintiff in error:

The court erred in admitting in evidence the record of the foreclosure proceeding. (*Dorsey v. McGee*, 30 Neb., 670; 1 Greenleaf, Evidence [14th ed.], sec. 522.)

A surety is bound in the manner and to the extent provided in the obligation executed by him, and no further.

(*Brennan v. Clark*, 29 Neb., 385; *Simonson v. Thori*, 31 N. W. Rep. [Minn.], 861; *Miller v. Stewart*, 9 Wheat. [U. S.], 703; *Judah v. Zimmerman*, 22 Ind., 392; *Ryan v. Trustees of Shawneetown*, 14 Ill., 24; *Wheeler & Wilson Mfg. Co. v. Brown*, 25 N. W. Rep. [Wis.], 427, 26 N. W. Rep. [Wis.], 564; *Bowers v. Cobb*, 31 Fed. Rep., 678; *Crescent Brewing Co. v. Handley*, 7 So. Rep. [Ala.], 912.)

*Breckenridge, Breckenridge & Crofoot* and *John Q. Burgner*, contra.

RYAN, C.

The plaintiff in error complains of a judgment against him rendered by the district court of Douglas county upon the verdict of a jury. The cause of action was that on June 29, 1887, the firm of Norling & Reynolds, contractors and builders, as principal, and M. H. Comstock, as surety, made their bond to J. S. Cameron in the penal sum of $700. The conditions of this bond were that the said firm of builders should furnish all the materials and perform all the labor in connection with the erection of two buildings on a lot therein described, and turn over said buildings free from liens for labor or material furnished through said Norling & Reynolds. The breach alleged was that the said firm of builders incurred divers obligations for material used in the construction of said buildings, for which mechanics' liens had been filed against the property improved, which were afterward established and ordered enforced as liens, notwithstanding all the defenses which plaintiff could and did interpose.

The first question presented is that the court erred in admitting in evidence the records showing the filing of liens just referred to in connection with the decree establishing the same, supplemented with an order of sale issued upon said decree for the collection of the amounts thereby established as liens, by a sale of the property improved.

These records and the order of sale were not admissible, because the plaintiff in error was thereby bound on account of privity between himself and his principals. He could not properly be made a party to the proceedings for the foreclosure of the liens prayed for, and hence was properly omitted therefrom; but his undertaking was that the property should be turned over free from liens on account of labor or material furnished through his principals. The substantive fact to be established was the existence of liens against the property improved, and there was no competent proof of this fact possible except by the introduction of the records themselves, or the substitute therefor by copy authorized by statute. The plaintiff in error contracted that no such lien against the property should be permitted to exist. These records showed that they did exist, and at the time of the trial had been duly established by proper proceedings *in rem.* The rule applicable is thus stated in section 527 of Greenleaf on Evidence: "A judgment, when used by way of inducement or to establish a collateral fact, may be admitted, though the parties are not the same. Thus, the record of a conviction may be shown in order to prove the legal infamy of a witness. So it may be shown in order to let in the proof of what was sworn at the trial or to justify proceedings in execution of the judgment. So it may be used to show that the suit was determined; or, in proper cases, to prove the amount which a principal has been compelled to pay for the default of his agent; or the amount which a surety has been compelled to pay for the principal debtor; and, in general, to show the fact that the judgment was actually rendered at such a time and for such an amount." In sections 538 and 539 of the same text-work will be found still further illustrations of the admissibility of evidence of this character for the purposes indicated. There was, therefore, no error in admitting in evidence the record of the mechanic's lien filed, and the decree for its enforcement. The order of sale

Comstock v. Cameron.

founded upon the decree for the enforcement of the several liens established was also admissible, coupled as it was with the sheriff's return thereon, and oral evidence showing payment and satisfaction thereof by the obligee named in the bond upon which the plaintiff in error was surety. The bond misdescribed the premises upon which the buildings were to be erected. It was pleaded and proved that the principals named in the bond had undertaken to erect no other buildings for the obligee than those situated upon the property described, and that said last named buildings were those of necessity contemplated in the bond, though the lot was misdescribed. The petition contained not only proper averments, but as well it contained an apposite prayer for the amendment and enforcement of the bond sued upon according to the true intent of the parties. In this respect there was, therefore, no error in the proceedings of the trial court.

In respect to other contentions of the plaintiff in error, it is deemed sufficient to observe that the fact that the title of the property improved was held by Isadore Cameron rather than her husband, the obligee in the bond, is not material, for the ownership of the lot to be improved is in no way referred to in the bond. In a like general way it may be observed that if the alleged failure to render judgment against his principal, for whom plaintiff in error was surety, had, by the motion for a new trial or otherwise, been presented to the trial court, a proper order or judgment, if any was necessary, would have resulted. We cannot seriously consider this objection, urged as it is for the first time in this court. No error is discovered in a careful examination of the entire record, and the judgment of the district court is

AFFIRMED.

IRVINE, C., took no part in the consideration or determination of this case.