LAKE DRUMMOND CANAL & WATER CO. v. WEST END TRUST & SAFE DEPOSIT CO.

(Circuit Court of Appeals, Third Circuit. December 18, 1905.)

No. 8.

1. INDEMNITY—ACTION FOR BREACH—EVIDENCE.

In an action by the owner of a canal against the surety of a contractor who did work thereon based on a provision of the contract which required the contractor to save the plaintiff harmless from all claims "on account of or by reason of work done or omitted to be done" under his contracts and to defend all suits which might be brought on such claims, the records of judgments obtained against plaintiff in actions brought on claims of such character, and of the pendency of which the contractor and defendant were notified, which judgments plaintiff paid, are relevant evidence to establish a breach of contract and are conclusive on defendant where the actions are shown to have been based on work done by the contractor under the contracts involved, and such fact may be established by extrinsic evidence showing that at the time of the injuries sued for he was in the sole charge of the work under such contracts.

2. DAMAGES—CERTAINTY AS TO AMOUNT.

To authorize the recovery of damages the extent of the loss or injury must be proved with reasonable certainty.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 5, 502.]

3. INDEMNITY—ACTION FOR BREACH—DEFENSES.

Where a contractor to construct a canal agreed to save the canal company harmless from all claims on account of work done or omitted to be done under the contract, and in the doing of the work obstructed certain ditches of adjoining landowners, causing damages for which they recovered judgments against the company, the contractor and his surety cannot avoid liability to reimburse the company therefor on the ground that after it took possession of the canal it might have prevented the injuries by reopening the ditches, since it was the very purpose of the agreement to place such duty on the contractor.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 131 Fed. 147.

Frank P. Prichard, for plaintiff in error.

John Hampton Barnes, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. On March 23, 1896, Patricius McManus entered into a contract with the Lake Drummond Canal & Water Company for the reconstruction of its canal. On March 28, 1898, an agreement supplemental thereto was made. Certain differences arose between the parties, which were settled by a contract dated December 3, 1898, which contained this clause:

"(3) The said McManus hereby further covenants and agrees to duly and promptly protect and save harmless the company from all claims of any sort or description which may be advanced against the company by any one on account of or by reason of work done or omitted to be done under the said contracts of March 23, 1896, and March 28, 1898, and at his own cost and expense to defend all suits which may be brought against the company on such claims."

To the contract from which this extract is taken there was attached an instrument executed by the defendant in error, as follows:

"In consideration of the payment to it of the sum of $5.00 by the Lake Drummond Canal & Water Company, receipt whereof is hereby acknowledged, the West End Trust & Safe Deposit Company hereby binds itself, its successors and assigns, to the said Lake Drummond Canal & Water Company in the sum of $10,000 (ten thousand dollars) for the prompt and faithful performance of all the covenants, warranties and agreements of Patricius McManus as set forth in the foregoing contract."

Upon this agreement of suretyship the plaintiff in error brought its action in the Circuit Court against the defendant in error. The statement of claim, which under the Pennsylvania practice was in the nature of a narr. in assumpsit, alleged that in excavating, enlarging and deepening the canal, McManus negligently caused or permitted large quantities of water, mud, and sand to be thrown upon the lands of adjacent owners, and, in certain other lands, negligently and wrongfully filled up or permitted to be filled up with mud and sand the ditches upon said lands which were necessary for draining the water therefrom, and that in consequence thereof the said McManus caused injury and damage to the owners and occupiers of said lands, for which they brought actions against the plaintiff below, wherein judgments against it, aggregating $8,193 (as set out in detail in the statement), were obtained and entered. It further alleged that notice of the commencement of the several actions referred to was given to McManus and to the defendant, and that they were requested to defend them but neglected to do so, and that the plaintiff was compelled to pay the judgments recovered therein, with interest and costs, and had also paid counsel for defending the suits, and that the payments so made amounted to more than $10,000, the sum for which the defendant had bound itself as surety. To this statement of claim the defendant pleaded "non assumpsit, and pay-

ment with leave, etc.," and thereupon issue was joined. Upon the trial, the plaintiff offered in evidence exemplifications of the records of the eight judgments against it which were specified in its statement of claim. They were objected to, and were excluded upon the ground that they did not disclose "with sufficient certainty that the suits were founded upon the negligent or other improper conduct of McManus."

The agreement of McManus, for the performance of which the defendant bound itself, was to save the plaintiff harmless from all claims "on account of or by reason of work done or omitted to be done" under his antecedent contracts, and to defend all suits which might be brought on such claims; and as all the suits to which the records relate were actions upon claims of the designated character, or in which such claims were included, their relevancy, in our opinion, is apparent. Therefore the averment that the court below erred in excluding them must be sustained. The question as to their effect, is, of course, a distinct and independent one; but as a new trial is to be awarded, the views of this court with respect to it, should, we think, be briefly indicated.

We are of opinion that the judgments against the plaintiff are conclusive against the defendant in so far and to the extent to which they were rendered on account of work done or omitted to be done by McManus (Washington Gas Light Co. v. District of Columbia, 161 U. S. 329, 16 Sup. Ct. 564, 40 L. Ed. 712) ; and we are also of opinion that from the records themselves it is manifest that the actions of Williams, of Mullen, of Pinnix, and of Bullock were founded exclusively upon claims for injuries done during the period when, as was conclusively established by other evidence, McManus was in entire control of the work which caused them; and we know of no rule which precludes resort to testimony dehors a record for the purpose of rightly relating its contents to relevant extraneous facts. It may be conceded that the exemplifications themselves were the only admissible evidence of the subject-matter of controversy and of the scope of the thing adjudged, and that they could not be contradicted nor impeached; but the time during which McManus was engaged in the work is an extraneous fact which was necessary to be known in order that the effect of the records might be rightly understood, and therefore the legal result of the extrinsic proof of that fact— the conclusiveness of the judgments upon the defendant—should have been determined and made effectual by the court.

In the actions of Ferrebee, of Burnham, of Edney, and of Norris, the records show that the injuries complained of were alleged to have been done in part after McManus had retired from the work, and the special findings which in each of these cases were made by the jury, do not indicate with any degree of exactness the extent to which the sums assessed were awarded for wrongs committed while he was in charge. Consequently, it is not possible, from these assessments alone, to estimate the damages to which by reason thereof the plaintiff may be entitled; and it is well settled that the damages which may be recovered for the breach of a contract are such only as, by evidence,

are made reasonably certain, or capable of certain ascertainment. Western Union Telegraph Co. v. Hall, 124 U. S. 455, 8 Sup. Ct. 577, 31 L. Ed. 479. The general rule is "that proof must be given, not only of the injury or loss sustained, but that the extent thereof must also be proven with reasonable certainty," and "evidence which is too vague to furnish any basis for assessment thereof should not be considered." Joyce on Damages, vol. 1, § 75. Therefore no verdict in this case could be rightly founded upon the records last mentioned, without evidence aliunde from which the jury might determine with reasonable certainty the extent to which the assessments that have been referred to were based upon injuries caused by McManus; but their materiality in connection with such evidence, is obvious.

The third specification, also, is sustained. It goes to a part of the charge, as follows:

"I take it when the company resumed possession of its property there and went on with the contract itself, it became its duty to keep these ditches open, and if the ditches had been shut up by McManus' act, either negligently or otherwise, it was the company's duty to open them, and if they allowed these ditches to be closed, their failure to open them might be a charge against them on which their liability might be predicated therefor, but could not be a ground for recovery against McManus."

The learned judge was undoubtedly right in understanding that when the canal company resumed possession it became its duty to open any ditches which McManus had left closed. But it owed this duty only to the occupants of the adjacent lands. It was not due to McManus, and his liability, or that of his surety, was not dependent upon its performance. Claims based upon his having omitted to open ditches which he had closed, were within the express terms of his agreement; and his failure to protect the company from such claims could not be justified upon the ground that, as to third parties, it had itself become responsible; for to that very responsibility his covenant to save it harmless was plainly and distinctly applicable.

The judgment of the Circuit Court is reversed, and the cause will be remanded to that court with direction to grant a new trial.