CROW RIVER VALLEY CREAMERY COMPANY v. N. K. STRANDE and Others.[1]

April 10, 1908.

Nos. 15,328—(113).

**Subscriber's Liability to Corporation.**

> The subscribers to an agreement for the formation of a creamery company mutually bound themselves for the payment of a loan its directors were authorized to negotiate in such manner that between themselves they should be equally liable for the payment of said loan and interest. The corporation was formed and the loan negotiated. The corporation sought to enforce the collection of the pro rata share of defendant, the only subscriber who had not paid the proportion. It is *held* that the agreement created an obligation on defendant's part on which the corporation could sue.

Action in a justice court to recover $35 from N. K. Strande, defendant's pro rata share of an indebtedness incurred by the Crow River Valley Creamery Company. From a judgment rendered therein in favor of plaintiff, defendant appealed to the district court for Stearns county upon questions of law alone, where the judgment was affirmed by Taylor, J. From the judgment entered in the district court, defendant and the sureties on his appeal bond appealed. Affirmed.

An instrument, dated January 21, 1901, set forth that its forty seven signers had joined themselves together as a creamery company and mutually bound themselves to such agreements for the leasing of de-

1 Reported in 115 N. W. 1038.

scribed premises for building and operating grounds as the elected officers might make with the present owner. They further mutually agreed "to authorize the officers of this company to borrow Twenty-five Hundred Dollars or as much thereof as may be found necessary to be used in constructing the necessary buildings, apparatus, and furnishing the fixtures for starting the business, and we hereby mutually bind ourselves jointly, our heirs and assigns, for the true payment of said loan and interest thereon, and in such a manner as we further may agree with the party or parties from whom we may obtain said loan, and in such a manner that between ourselves we, our heirs and assigns, shall be equally liable for the payment of said loan and interest thereon, until same is paid in full, and that if this company from any cause shall be dissolved that at such dissolution the assets, after all liabilities are paid, shall be divided pro rata among the members of the company, and, further, that if at such dissolution the liabilities shall be larger than the assets, in such a case each member of said company shall be liable to pay his pro rata share of such entire loss."

Each subscriber became a stockholder of the company and paid $25 for a share of its stock. The company sought by this action to recover $35 from the defendant, who was a subscriber to the said instrument and who was a shareholder in the corporation. All of the subscribers except the defendant had paid that amount. This sum was claimed to be defendant's pro rata share of the indebtedness contracted by the corporation in accordance with this agreement. The action was begun in a justice court. On judgment for plaintiff, appeal was taken on questions of law alone to the district court. From the judgment for plaintiff entered in the district court, this appeal was taken.

*Henry T. Ronning,* for appellants.

*Frank Tolman,* for respondent.

JAGGARD, J. (after stating the facts as above).

The complaint in this action expressly states that the plaintiff is a duly organized corporation. The answer is a general denial. In the absence of a specific averment of the defendant that the plaintiff was not a corporation, no proof of that fact was required. Section 4148, R. L. 1905. For purposes of this case, and for these purposes only, it follows that the plaintiff was a corporation.

That corporation was in existence at the time this suit was brought. The cause of action on which it is based was not an assessment or call on stockholders. It did not undertake to impose an additional liability on the stockholders by virtue of their ownership of shares of stock. The liability, if any, was predicated upon the previously described agreement between the subscribers. That was not a contract to subscribe to stock in a company to be formed in the future, as in Minneapolis Treshing Machine Co. v. Davis, 40 Minn. 110, 41 N. W. 1026, 3 L. R. A. 796, 12 Am. St. 701. See 2 Clark & Marshall, Priv. Corp. 1407. Its nature must be determined by a construction of its terms in the light of the circumstances surrounding its execution. Here a number of farmers met and organized a creamery company. To raise money, they agreed to contribute a certain sum and to bond themselves "for the true payment of" money the officers were authorized to borrow for starting the business, and to pay the amount borrowed in such manner as might be thereafter agreed with the lenders in such manner that each should be liable for his share of the loan, with interest, until the same was paid in full. They did not bind themselves merely to pay the debt if the company did not pay it. It was, moreover, the obvious intention of the instrument to start the corporation into existence by means of this loan of credit and agreement to pay the loan negotiated on the strength thereof. To render effective that agreement, it must be construed to make this promise an asset on which the company could realize. It would defeat the plain purpose of the instrument to hold that the persons from whom the money was borrowed should be compelled to resort to the subscribers on a sureties' liability only. Doubts as to the effect of the agreement must be construed in the light of the familiar rule that an agreement is to be interpreted so as to carry out the purposes for which it was executed. Such construction justifies the view taken of it by the trial court, that it was in effect an agreement between the subscribers to pay, for the benefit of a corporation thereafter to be formed, the pro rata share of stockholders of a debt thereafter to be contracted with a third person. The corporation came into existence, and the money was borrowed, and the credit was used. The obligation matured. The beneficiary had the right to sue. See article on "The Limitation of the Action of As-

sumpsit as Affecting the Right of Action, of the Beneficiary," by Mr. Hening, in 53 American Law Reg. 127, and 56 University of Pennsylvania Law Rev. 75.

Affirmed.