## OLE E. STEVENS and Another v. TOWN OF SANDNES.[1]

June 25, 1909.

Nos. 16,178—(81).

**Highway—Notice of Appeal—Jurisdiction.**

An appeal was taken in highway proceedings from an order of the supervisors, refusing to lay out the proposed road, to the district court, in which there was a verdict that the road should be laid out. *Held:*

1. The notice of appeal, although it was irregular, in that it did not

[1]Reported in 121 N. W. 902.

directly state that the petitioners appealed from the order, fairly advised the adverse party that the appeal had been taken, and that it was sufficient to confer jurisdiction upon the district court.

2. The petition for the road and the proof of notice of hearing were sufficient. Evidence of the actual possession of two of the petitioners for the road of land within three miles thereof was prima facie evidence of ownership in fee; there being no evidence of any adverse superior title.

3. The verdict is sustained by the evidence.

Appeal to the district court for Yellow Medicine county from an order of the town board of defendant denying a petition to lay out a certain proposed road. The case was tried before Powers, J., and a jury which rendered a verdict in favor of the petitioners. From an order overruling defendant's motion to set aside the verdict and for a new trial, it appealed. Affirmed.

*Mathews & Lende,* for appellant.

*W. N. Privet,* for respondents.

START, C. J.

The respondents herein, with others, petitioned the supervisors of the appellant town to lay out a public highway on a line running east and west through the center of section 8. The petition was denied, and an appeal taken from the order refusing to lay the road to the district court of the county of Yellow Medicine. On the trial in the district court with a jury, the town moved to dismiss the appeal on the ground that the notice thereof was not sufficient to confer jurisdiction upon the court. Motion was denied, and the trial proceeded, resulting in the verdict that the highway should be laid. The town appealed from an order denying its motion for a new trial.

1. The first contention of the town to be considered is that the notice of appeal was not sufficient to give the district court jurisdiction. The notice was technically irregular, for the reason that it did not in direct terms state that the petitioners appealed. It was labeled "Notice of Appeal from Determination of Town Board," and recited the making of the petition and the action of the board of supervisors thereon, and stated that the petitioners deemed themselves aggrieved thereby, the grounds of the appeal, and that the appeal was taken

for the purpose of entirely reversing the action of the board. The notice of appeal was duly served and filed, and the appeal entered, in the district court. The purpose of a notice of appeal is to advise the adverse party that an appeal has been taken. We are of the opinion that the notice of appeal fairly advised the adverse party that the petitioners had appealed from the decision of the board of supervisors and that it was sufficient to give the district court jurisdiction. Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264.

2. It is also urged that the petition and proof of service of notice of time and place of hearing it were insufficient. The petition upon its face in form and substance is sufficient, and it was received in evidence without objection. The proof of service of the notice was by affidavit to the effect that the notice was served upon each of the occupants, personally, of the land through which the road described in the notice passes, by handing to and leaving with each of them a true and correct copy of the notice. The precise objection to such proof is that there is nothing in the affidavit to show that the persons so served were the occupants named in the notice. There was no evidence tending to show any change in the occupancy of the land between the making of the notice and its service. The proof of the service of the notice was sufficient. The objection to the petition is based upon the claim that the evidence shows that it was not signed by at least eight qualified petitioners. There was evidence showing that one of the ten signers of the petition was not twenty-one years of age when it was filed with the town clerk, and that when it was so filed two other petitioners were not the owners of record of land within three miles of the road to be laid out, nor did they then hold any such land under the homestead or pre-emption laws of the United States, nor under contract from the state of Minnesota; but the evidence did show that each of them was then in the actual possession of such land. There was no evidence tending to show any adverse superior title to the land in any other party, and the case falls within the rule that actual possession of real estate is prima facie evidence of ownership in fee, in the absence of evidence showing an adverse superior title. Rau v. Minnesota Valley R. Co., 13 Minn. 407 (442); Sherwood v. St. Paul & C. Ry. Co., 21 Minn. 127; Perkins v. Morse, 30 Minn. 11, 13 N.

108 M.—18.

W. 911, 14 N. W. 879; Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551. The petition was sufficient, not only upon its face, but in fact.

3. Alleged errors in the instructions of the trial court to the jury are urged. We cannot consider them, as there is no assignment of error sufficient to raise any question as to the charge of the court. The attempted assignment in this respect is in these words: "The court erred in giving the following instructions to the jury." This is followed with an extended abstract, filling some five pages of the printed record, of the entire charge of the court. The abstract contains a large number of different and distinct propositions. Such an assignment of error is unavailing. The particular alleged erroneous instruction should be definitely pointed out. Watts v. Howard, 70 Minn. 122, 72 N. W. 840.

4. The last contention of the town is that the verdict is not sustained by the evidence. The main reason urged why the highway should not be laid was that there was an existing legal road along the line of the proposed highway. If the undisputed evidence established this claim, then the verdict was wrong. The evidence on this issue was conflicting, and upon a consideration of the whole of it we are of the opinion that the verdict is sustained by the evidence.

Order affirmed.