# FINCH, VAN SLYCK & McCONVILLE v. LE SUEUR COUNTY CO-OPERATIVE COMPANY.[1]

December 24, 1914.

Nos. 19,012—(132).

**Proof of immaterial allegation.**

1. Where the creation of a corporation is not a material issue, in a cause of action, it need not be proven even if alleged. Where material and alleged, neither a denial on information and belief nor a general denial is sufficient to raise the issue of incorporation.

[1] Reported in 150 N. W. 226.

Note.—Upon the question of denial of incorporation on information and belief, see note in 30 L.R.A.(N.S.) 778.

As to the admissibility of ledgers in evidence, see note in 52 L.R.A. 581.

**Evidence admissible — ledger entries.**
   2. The ledger was properly admissible in evidence under the stipulation of the parties, and the entries therein offered sustain the findings of the trial court.

Action in the district court for Le Sueur county to recover $983.10 for merchandise sold and delivered. The case was tried before Dickson, J., acting for the judge of the Eighth judicial district, who made findings and ordered judgment in favor of plaintiff for $938.13. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Francis J. Hanzel* and *Moonan & Moonan,* for appellant.
*James E. Trask,* for respondent.

HOLT, J.

Plaintiff, a mercantile corporation, sued the defendant corporation for goods sold and delivered. Findings were made for plaintiff, and defendant appeals from the order denying it a new trial.

The defendant during the time in question conducted stores in Webster, Montgomery and Lonsdale in this state. Plaintiff kept the accounts separate for the goods sold and delivered at each place; and in the complaint set up three causes of action, each being for the goods sold and delivered at the particular village. The dates were specified between which the sale and delivery was made for each place, and also what credits were given by cash or merchandise on that account. The defendant offered no evidence. The answer admitted the purchase of goods from plaintiff, averred that all so purchased had been fully paid for, and otherwise denied the sale and delivery, so we may assume that plaintiff was required to prove the balance due above the credits it admitted.

The technical point is raised that there was no proof of plaintiff's alleged incorporation. An immaterial allegation need not be proven simply because made. It was not necessary to allege the incorporation of either plaintiff or defendant. Holden v. Great Western Ele. Co. 69 Minn. 527, 72 N. W. 805, 65 Am. St. 585. Furthermore, were this a case where the fact of incorporation became ma-

terial, defendant's denial thereof on information and belief does not raise an issue (section 7774, G. S. 1913; First Nat. Bank of Rock Island v. Loyhed, 28 Minn. 396, 10 N. W. 421), nor would a general denial (Crow River Valley Creamery Co. v. Strande, 104 Minn. 46, 115 N. W. 1038).

The attempt to question the admissibility of plaintiff's ledger entries, or the sufficiency thereof to prove the sale and delivery, we deem foreclosed by this stipulation made between the respective attorneys before the trial, viz:

"Whereas the defendant admits in its answer that the plaintiff sold and delivered to defendant certain goods and merchandise, but does not admit the amount or value thereof; and whereas the plaintiff's book accounts of said transactions consist of duplicates of the original invoices of such goods and merchandise (one of which duplicate invoices were delivered to defendant with the said goods and merchandise) together with ledger entries in a ledger showing upon separate sheets the amount of each invoice and the amount charged therefor: Now, therefore, in order to avoid the trouble and expense of producing, at the trial of the above entitled action, the said duplicate invoices, it is hereby stipulated and agreed by and between the parties hereto, through their respective attorneys, that the offer by said plaintiff at the trial of said action of said ledger entries without the production or offer of any book or books of original entry of said transactions, shall have the same force and effect as though such offer of said ledger entries were accompanied by a proper and competent offer of the book or books of original entry, the defendant hereby intending to waive all objection to the ledger entries on the ground that they are incompetent without the books of original entry, and to make the ledger entries of said transactions competent evidence thereof without any books of original entry."

There was ample testimony to identify the sheets offered in evidence as the ledger account referred to in the stipulation, and, were more required, proper foundation was laid for their reception as plaintiff's ledger into which had been transferred the postings from its books of original entry.

It appears from the original loose leaf ledger sheets which are

in the return that, subsequent to the sale of the goods here in ques tion, other sales were made to defendant, but for such subsequent sales payments were made or credits given in full. Since the complaint contained no allegations in regard to these subsequent sales, defendant, as we understand it, insists that they should be ignored here, but the credits on account thereof should be applied upon the bills sued for, the same being earlier in point of time. Were defendant's contention upheld, injustice would result, for it is plain that taking the accounts from the dates of the first sales alleged to the last and all the credits, the balance would be the same as found by the court; whereas, were the charges on dealings subsequent to the last dates stated in the complaint left out and all credits, whenever received, applied on the causes of action here involved, plaintiff would receive only part of the amount justly due. To avoid such a result an amendment of the complaint might be resorted to. It is, however, not necessary, for defendant has not availed itself of the credits appearing on the ledger. It introduced no proof of payments. Plaintiff refrained from offering the entries in the ledger as to credits, as well as to charges for goods sold subsequent to the last items alleged to have been sold in the complaint. Defendant offered none of the ledger entries in evidence, and we think it is not in position to urge any other payments or credits than those specifically admitted in the complaint.

Plaintiff proved that a letter, found after each charge entry on the ledger in the column headed "Terms," signified when payment should be made therefor, and what interest should be paid after due. It is common knowledge that retailers buy merchandise on certain specified time, agreeing to pay interest under certain terms. Usually the terms and interest are clearly stated in the invoices such as referred to in the above stipulation. We think the court was right in computing interest according to the terms indicated by the ledger sheets. Defendant has not demonstrated any miscalculation in the amount allowed by the court, and we shall not undertake to verify the accuracy of such amount.

Order affirmed.