## RONALD J. MACLEOD AND ANOTHER v. NATIONAL SURETY COMPANY.[1]

### June 30, 1916.

### Nos. 19,712—(123).

**Bond — release of surety by waiver of contractor's default.**

1. A surety upon a bond conditioned for the faithful performance of a builder's contract is not released from liability by the obligee's acquiescence in the contractor's default when, with knowledge of such default, the surety encourages a waiver thereof by the obligee.

**Liability of surety for breach of contract — damages.**

2. For a delay in performance which constitutes a breach of the contract, the obligee is entitled to recover of the surety such damages as naturally resulted from the delay, and such as might be recovered against the principal.

**Damages natural result of breach — question for jury.**

3. Certain items of alleged damage *held* properly submitted to the jury upon the question whether they were the natural result of the breach of the contract.

[1]Reported in 158 N. W. 619.

Action in the district court for St. Louis county by the partners doing business as Macleod & Smith to recover $733.66 upon defendant's bond as surety for the Avery Steel & Iron Company. The answer alleged that, at the time when the Avery Company was claimed by plaintiffs to be in default, plaintiffs made payments to it in violation of the terms of the contract and without the knowledge or consent of defendant, and thereby the conditions of defendant's bond were violated. The case was tried before Ensign, J., and a jury which returned a verdict for $829.37. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*John Jenswold* and *John D. Jenswold,* for respondents.

BROWN, C. J.

Plaintiffs were awarded the contract for the construction of a school building at Virginia, this state, and thereunder were to furnish all labor and material. The contract provided that the building should be completed by November 1, 1912. Plaintiffs sublet a part of the work to the Avery Steel & Iron Works Company, and that company undertook and agreed to furnish and deliver upon the premises certain structural iron work, including stairways, within a specified time after drawings thereof were furnished by the architect. Defendant National Surety Company become surety for the faithful performance of the subcontract, and a formal bond was properly executed and delivered to plaintiffs. The Avery Company failed to perform the contract within the time agreed upon, and by such failure delayed the completion of the building until some time in May, 1913. Plaintiffs brought this action to recover of the surety certain specific items of damage alleged to have been occasioned thereby. Defendant put in issue the allegations of the complaint, and pleaded in defense that plaintiffs by their conduct in dealing with the Avery Company after knowledge of its failure to perform the contract released and discharged defendant from liability on the bond. Plaintiffs had a verdict in the court below, and defendant appealed from an order denying its motion for judgment or a new trial.

The assignments of error present two general questions: namely (1), whether plaintiffs by their conduct in respect to the breach of the con-

tract by the Avery Company released and discharged the surety; and (2) whether the court erred in permitting a recovery of certain of the items of damage claimed by plaintiffs.

1. It is contended that the surety was released by the failure of plaintiffs to comply with and follow the terms of the Avery contract in the matter of payments thereunder. We do not sustain the point. The contract provided, in substance and effect, that payments should be made on certain specified dates, as the work progressed, and upon certificates of the architect and in amounts equal to 85 per cent of the work performed or material furnished. While the contract in this respect was not followed, and payments were made by plaintiffs for material furnished thereunder without much regard to its terms, we are clear that defendant is in no position to complain. Defendant is a compensated surety and can claim a release from liability only by showing a departure from the terms of the contract which resulted substantially prejudicial to its rights, and deprived it of some material protection given by the surety contract. Brandrup v. Empire State Surety & Bonding Co. 111 Minn. 376, 127 N. W. 424. Such was not the character or result of the payments of which defendant complains. The money was not paid to the Avery Company, nor was it misapplied, but went to persons who had valid claims for material furnished for the building and which was used in the construction of the same. The payments did not exceed the total amount to become due on the Avery contract, and were made after plaintiffs were fully aware of the default. One of the payments, $300, was made direct to the Avery Company. Defendant was fully advised of the default, and plaintiff's waiver thereof was not only acquiesced in but was suggested and encouraged by defendant. On December 10, 1912, after defendant was fully aware of the failure of Avery & Company to comply with the contract, defendant caused a letter to be written to plaintiffs concerning the matter, in which reference was made to the default, and the following suggestions offered as a solution of the situation.

"If you are dissatisfied with the manner in which Avery Steel & Iron Works Company is performing its contract, I can say no more than to unofficially suggest that you proceed with the matter in such manner as you deem advisable under the terms of your contract, and the terms of your bond, and the facts as you know them, and after the work has been

completed take up with us the matter of adjustment of any matters covered by our bond. * * * If it is your desire to permit Avery Steel & Iron Company to carry out their part of the contract, we shall be pleased to keep after them in hope of hurrying them along."

The letter was written by the general attorney of the defendant and his authority in the premises is not questioned. The payment of $300 was made after the receipt of the letter and the apparent purpose thereof was to aid and assist the Avery Company in fulfilling its contract. In this state of the record it seems clear that defendant is in no position to insist that any of the payments complained of operated as a release of the bond. Allen v. Eneroth, 118 Minn. 476, 137 N. W. 16; Church of I. C. v. Curtis, 130 Minn. 111, 153 N. W. 259.

2. The question whether plaintiffs are entitled to recover the items of damage claimed, does not require extended discussion. The rule applicable to a case of this kind includes such damages as naturally and necessarily resulted from the delay in delivering the material upon the premises, and such as might have been recovered against the principal in the bond. Hydraulic-Press Brick Co. v. Haynes Bread Co. 128 Minn. 401, 151 N. W. 140. If plaintiffs had acquiesced in the delay without notice to or the consent of defendant, it is probable that their right to recover any of the items would at least be doubtful. But defendant knew all about the delay and by its conduct waived any objection to plaintiffs' acts of acquiescence. The items claimed by plaintiffs, and which were awarded to them by the jury are: (1) Two hundred fifty dollars for increased expense in the construction of the building caused by the delay of Avery & Company in furnishing the iron work covered by its contract; (2) interest to the amount of $125 upon an instalment of the contract price to be paid plaintiffs on November 1, 1912, the date fixed for the completion of the building, and which payment was withheld because of the fact that the building was not completed, such completion being prevented by the default of the Avery Company; (3) expenses incurred by plaintiffs in efforts to expedite an early delivery of the material, and thus lessen the damages which were daily accruing; (4) the sum of $150 for expense incurred by plaintiffs in heating the building during the month of December, 1912, pending the delay of the Avery Company, such heating being necessary to protect incompleted work from the result of

freezing; and (5) the sum of $319.89, paid as freight upon the iron work finally delivered by the Avery Company, which that company neglected to pay.

We hold that whether the damages claimed in the first four of these items resulted naturally from the default of the Avery Company, and from its delay in the delivery of the material the company agreed to deliver, was a question for the jury, and that their finding thereon is supported by the evidence. The item of freight paid was properly submitted to the jury. Avery & Company contracted to deliver the material upon the premises, or rather f. o. b. at Virginia. The jury were justified in finding that in order to obtain the material from the carrier on its arrival at Virginia plaintiffs were compelled to pay the freight charges, and were not reimbursed therefor. The payment was necessary and in making it plaintiffs were not mere volunteers as suggested by defendant.

This covers all that need be said in disposing of the case. We have considered all the assignments of error and discover no reason for reversal.

Order affirmed.


Hallam, J. (dissenting).

Plaintiffs paid to their subcontractor, the principal on the bond, $300, after the greater part of the damage which they now seek to recover had accrued, and at a time when, according to the claim of plaintiff and the verdict of the jury, nothing was due. Had the amount not been paid the demand of plaintiff in this action would have been reduced by just that much. In my judgment this amount should be deducted from the amount of the recovery. The owner should not be permitted, after the violation of the contract by the principal and the accrual of the damage on account thereof, to continue making overpayments to the principal, and then to recover the amount back from the surety.