# TRUSTEES OF FIRST PRESBYTERIAN CHURCH OF DULUTH v. UNITED STATES FIDELITY & GUARANTY COMPANY AND ANOTHER.[1]

July 7, 1916.

Nos. 19,748—(147).

**Release of surety — payment by owner to building contractor — evidence of mechanic's lien.**

In an action to recover of the surety on a builder's bond the amount paid by plaintiff owner in discharge of mechanic's liens it is *held*:

(1) That the evidence did not require a finding that the owner failed to retain 20 per cent of the contract price, until completion.

(2) That the surety was not released because some payments were made by note instead of in cash, the contract providing that payments should be made in current funds, no prejudice being shown.

(3) That the surety was not released upon the ground that payments were made without the certificate of the architect in violation of the contract, it appearing that only one payment was made without a certificate and that such payment was made on an itemized statement approved in writing by the architect.

(4) That the judgment in a lien suit against the plaintiff was admissible in the suit on the bond, notice of suit having been given the surety and an opportunity to defend it and it having denied liability and refused to defend.

(5) That there was no failure to prove the incorporation of the plaintiff nor its title to the property upon which the building was constructed.

Action in the district court for St. Louis county to recover $3,722.27 upon defendants' bond to secure performance of a building contract. The defense is stated in the opinion. The case was tried before Cant, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. A motion of defendant company to amend the findings was

[1.]Reported in 158 N. W. 709.

Note.—As to release of surety on building contractor's bond by making payments not authorized by the contract, see notes in 5 L.R.A.(N.S.) 418; L.R.A. 1915B, 407.

granted in part and denied in part. From an order denying its motion for a new trial, defendant company appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellant.

*Thomas A. Gall,* for respondent.


DIBELL, C.

Action on a builder's bond. There were findings and judgment for the plaintiff. The defendant appeals from the judgment.

On April 1, 1913, the plaintiff trustees of the First Presbyterian Church of Duluth, entered into a contract with Richard Hansen for the erection of an addition to its church building. The contract price was $29,263. Changes and extras increased it to $31,549.23. Liens were established against the property and the plaintiff paid in their discharge $3,722.27. This action is brought to recover it.

The contract contained this provision:

"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owners to the contractor for said work and materials shall be twenty-nine thousand two hundred and sixty-three dollars, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owners to the contractor, in current funds, and only upon certificates of the architect as follows:

"Eighty per cent of the work done and materials installed to be paid each month, and ten per cent on completion.

"The final payment shall be made within sixty days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued.

"If at any time there shall be evidence of any lien or claim for which, if established, the owners of the said premises might become liable, and which is chargeable to the contractor, the owners shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify them against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owners all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor default."

The bond was an ordinary blanket form bond without the covenants

and provisions usual to surety bonds, and was conditioned as follows:

"Now, therefore, the condition of the above obligation is such, that, if the above bounden Richard Hansen shall fully and faithfully perform said contract with all the requirements thereof; shall pay as they become due all just claims of any and all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of said contract; shall complete said contract in accordance with its terms; shall save the obligee hereunder harmless from all costs and damages that may accrue on account of the doing of the work specified; and shall comply with the laws appertaining thereto, then the above obligation shall be void; otherwise to remain in full force and effect."

The surety company claims that it is discharged of liability upon a number of grounds:

1. It claims that the plaintiff did not retain 20 per cent of the cost until the completion of the work. There is no finding of the date when the work was completed. The defendant requested a finding that it was not completed until the last part of December, 1913, or the early part of January, 1914. This finding was refused. It was not error to refuse it. It its memorandum the court states that the work was substantially completed by October 15. The evidence is sufficient to support a finding to that effect. It was occupied some 10 days earlier. If the total 20 per cent had been retained, the plaintiff would have been owing the contractor $6,305.85 on October 15. It then owed and had retained an amount in excess of that sum. Between October 24, 1913, and January 20, 1914, it paid Hansen $7,249.23 and this paid him in full. On October 15 there were a few details unfinished and dragging, as is usual in building operations, but, as the word "completion" is used in the contract fixing the time within which the two final payments of 10 per cent each should be made, a finding that the building was then completed would be sustained. The claim of the surety is disposed of as a question of fact. We dispose of it upon the assumption, without deciding, that under the contract and the bond it was the duty of the defendant to retain the 20 per cent.

2. The defendant claims that the plaintiff postponed payments and by doing so released it.

The contract provided that payments should be made in current funds. Some payments were made by notes. The surety claims that this

amounted to a postponement of payments and discharged its obligation. We cannot so hold. Prejudice was not shown and without prejudice the surety would not be released. Whether the provision for payment in current funds was one of the violations of which the surety can complain we do not consider.

3. The surety claims that it is released because payments were made without the certificate of the architect and without a final certificate. We do not sustain this contention. The payments were made as the work progressed. Certificates were made by the architect. The final payment was made on an itemized bill approved by the architect. No final certificate was issued. This seems to be the only payment without a certificate. The absence of a certificate, the payment being one proper to be made and being approved by the architect, did not release the surety. Brandrup v. Empire State Surety Co. 111 Minn. 376, 127 N. W. 424; Macleod v. National Surety Co. supra, page 351, 158 N. W. 619.

4. The judgment in the lien suit was received in evidence over the surety's objection. There was no other proof of the amount of the claims of the lienholders.

When suit was brought the church gave the surety company notice and an opportunity to defend the lien claims. It declined the tender and denied liability upon the bond. The judgment is evidence against the surety. Great Northern Ry. Co. v. Akeley, 88 Minn. 237, 92 N. W. 959; Reed v. McGregor, 62 Minn. 94, 64 N. W. 88; Lake Drummond Canal & Water Co. v. West End T. & S. D. Co. 142 Fed. 41, 73 C. C. A. 227; Friend v. Ralston, 35 Wash. 422, 77 Pac. 794; Henry v. Aetna Indemnity Co. 36 Wash. 553, 79 Pac. 42; Whelan v. McCullough, 4 App. (D.C.) 58; Comstock v. Cameron, 41 Neb. 814, 60 N. W. 105; McConnell v. Poor, 113 Iowa, 133, 84 N. W. 968, 52 L.R.A. 312; Picot v. Signiago, 27 Mo. 125; Oberbeck v. Mayer, 59 Mo. App. 289; Grafton v. Hinkley, 111 Wis. 46, 86 N. W. 859; Henry v. Heldmaier, 226 Ill. 152, 80 N. E. 705, 9 Ann. Cas. 150; 1 Freeman, Judgments, § 180; 2 Black, Judgments, §§ 586-590; 2 Brandt, Suretyship, §§ 802-804; Stearns, Suretyship, 2d ed.), §§ 175-177; 27 Am. & Eng. Enc. (2d ed.), 454; 32 Cyc. 135; 40 Cent. Dig. Prin. & Sur. §§ 397, 398; 16 Dec. Dig. Prin. & Sur. § 145.

In the lien action the plaintiff was described as the First Presbyterian Church of Duluth, instead of trustees of First Presbyterian Church of

Duluth. The surety company claims that for this reason, if for no other, the judgment is not evidence against it. Jurisdiction was acquired. The misnomer was a slight defect amendable at any time. Dunnell, Minn. Pl. (2d ed.) § 477. The surety understood that the action was to foreclose liens upon the church property and that it was against the obligee and denied liability. Its present position is untenable.

5. The surety claims that the evidence is insufficient to show a valid organization of the plaintiff as a corporation. In 1869 an attempted incorporation was had, and a certificate was filed with the register of deeds as the statute authorized. It was informal and the proceedings were incomplete. The plaintiff has acted as a corporation for many years and is one. Nor is this an action in which to test its organization. Nor is the surety, having entered into a bond running to the plaintiff in its corporate name, in position to question that there is an entity of that name with which it contracted. Nor was it necessary to allege or prove that the plaintiff was incorporated. Holden v. Great Western Ele. Co. 69 Minn. 527, 72 N. W. 805, 65 Am. St. 585; Finch, Van Slyck & McConville v. Le Sueur County Co-op. Co. 128 Minn. 73, 150 N. W. 226. Nor was the allegation of incorporation put in issue by the general denial of the answer. Crow River Valley Creamery Co. v. Strande, 104 Minn. 46, 115 N. W. 1038.

The deed ran to the First Presbterian Church of Duluth, instead to to the trustees of the First Presbyterian Church of Duluth. The surety company claims that title in the plaintiff is not shown and that it cannot be held on the bond. The building contract was with the plaintiff in its corporate name, and provided for the erection of a building upon specifically described real estate. The bond referred to the contract and insured its performance. Perhaps the surety company is concerned with the performance of Hansen's contract to build upon the property and not with the ownership of it. Be that as it may, the plaintiff has occupied the property since 1889 under claim of title and is the owner in fee. Perkins v. Morse, 30 Minn. 11, 13 N. W. 911, 14 N. W. 879; Herrick v. Churchill, 35 Minn. 318, 29 N. W. 129; Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Witt v. St. Paul & Northern Pac. Ry. Co. 38 Minn. 122, 35 N. W. 862; Adolph v. Minneapolis & Pacific Ry. Co. 42 Minn. 170, 43 N. W.

848; Stevens v. Town of Sandnes, 108 Minn. 271, 121 N. W. 902. Judgment affirmed.