FIRST CHURCH OF CHRIST, SCIENTIST, ST. CLOUD, MINNESOTA, v. FREDERICK C. LAWRENCE AND ANOTHER.[1]

March 28, 1941.

No. 32,711.

[1]Reported in 297 N. W. 99.

38

*Theodore F. Neils* and *Lystad, Mantor & Strauman,* for appellants.

*Doane & Hengel,* for respondent.

LORING, JUSTICE.

This is an appeal by the defendants from an order of the district court denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The pertinent facts of the case are as follows: In 1937 the plaintiff decided to erect a church building and on October 25, 1937, entered into a written contract with the defendant Lawrence under which he was to furnish all material and perform all work according to drawings and specifications and was to receive $4,300 for the work done and materials furnished. The contract also provided that the church should pay 85 per cent of the cost of work done and materials furnished each month and that the contractor should receive $500 when the foundation was completed. The work was commenced sometime in October, 1937, and was completed June 16, 1938. November 22, 1937, the contractor executed a bond to the plaintiff in the penal sum of $4,000, which by reference made the above contract a part thereof and was conditioned that if the principal shall faithfully perform the contract on his part and—

"shall fully indemnify and save harmless the Owner [plaintiff] from all cost and damage which he may suffer by reason of failure so to do and shall fully reimburse and repay the Owner all outlay and expense which the Owner may incur in making good any such default,

"and further, that if the Principal [contractor] shall pay all persons who have contracts directly with the Principal for labor

or materials, failing which such persons shall have a direct right of action against the Principal and Surety [defendant surety] under this Obligation, subject to the Owner's priority,

"then this Obligation shall be null and void, otherwise it shall remain in full force and effect."

When the work was completed there had been added to the contract price of $4,300 the sum of $249.37 for certain changes in the plans, so that the total amount due for labor and materials was the sum of $4,549.37. The total amount paid by plaintiff, including certain other credits of $211.67, was the sum of $3,589.67, so that the total balance unpaid to the contractor was the sum of $959.70. At the time the work was completed there remained unpaid to the Robertson Lumber Company a bill for materials in the amount of $748.95, for which it had filed a lien. On this account the church did not pay the contractor the balance above mentioned.

About January 1, 1939, the contractor, taking the position that he need not pay the bill for material before seeking final payment from the church, filed a mechanic's lien and commenced foreclosure proceedings, claiming the sum of $1,201.21 to be the unpaid balance under the contract, naming as defendants the church, the materialman above referred to, and the mortgagee holding a mortgage on the church property. The church answered setting up several counterclaims totalling $782.25. As a result of the action the court rendered judgment for the materialman against the contractor in the sum of $748.95 plus interest, $100 attorney's fees, costs, and disbursements, and held the total of the judgment aggregating $957.75 to be a lien against the church property. Because of a misdescription of the church property in the contractor's lien, the court did not allow him a lien but instead gave him a money judgment for $734.70 ($959.70 less $225 for his failure to perform some of the work in a workmanlike manner) provided he first paid the Robertson judgment.

Thereafter the church brought this action alleging that the contractor breached his contract by failing to pay the materialman;

that it had paid the materialman $966.30 against which the contractor was entitled to a credit of $734.70 (the amount of his recovery in the previous mechanic's lien proceeding), leaving a balance of $231.60 due the church from the contractor; and that in the defense of the mechanic's lien proceeding it had incurred and paid expenses for attorney's fees, costs, and expenses in the sum of $300. The church demanded judgment against the defendants for the sum of $531.60.

This suit resolves itself into one to recover the $231.60 item above referred to and the $300 item of expenses consisting largely of attorney's fees.

■ The appellants take the position that the contractor was not obligated to pay the lumber company's bill for material until he had received the 85 per cent of the monthly estimate from the church. With this contention we cannot agree. 2 Mason Minn. St. 1927, § 8496, provides in part:

"The owner may withhold from his contractor so much of the contract price as may be necessary to meet the demands of all persons, other than such contractor, having a lien upon the premises for labor, skill, or material furnished for the improvement, and for which the contractor is liable; and he may pay and discharge all such liens and deduct the cost thereof from such contract price."

This provision is obviously for the protection of owners against defaulting contractors, and the church had a right to withhold funds to protect itself against the Robertson lien. It will be noted too that in this connection it had a substantial claim for breach of contract on account of bad workmanship which was subsequently allowed by the court. We conclude that the church did not violate its contract by withholding this money and that the contractor under the terms of his contract was entitled to only 85 per cent of the cost of work and material actually paid for by him, and the case is therefore controlled by our decisions in National Tea Co. v. McDonough, 178 Minn. 388, 227 N. W. 205,

and Allen v. Eneroth, 118 Minn. 476, 137 N. W. 16. The expense of defending the lien suit brought by Robertson was, including attorney's fees, properly recoverable against the contractor and his surety. It was the default of the contractor that resulted in the necessity of defending this suit.

■ The appellants make the further contention that the church could not recover attorney's fees until they had actually been paid. If an obligation to pay them was incurred, such obligation was a necessary expense of the litigation, and, whether paid or not, the church was entitled to recover to save itself harmless from its obligation. Witnesses for both sides testified that the value of the services so rendered was $300. This was undisputed and apparently no other contention is made by the appellants than that above set forth.

■ The appellants have in one assignment of error challenged three and one-half pages of the court's charge. Such an assignment of error is altogether too general to raise a question for consideration here. It is in the same category as a general assignment of error to the court's whole charge. Knight Soda Fountain Co. v. Dirnberger, 192 Minn. 387, 256 N. W. 657; Stevens v. Town of Sandnes, 108 Minn. 271, 274, 121 N. W. 902. Apparently the most serious claim made by appellants is that the court erred in leaving to the jury the construction of the contract as to whether or not the 85 per cent per month was to be paid regardless of whether Lawrence had paid for the material. We think this was error, but it was too favorable to the appellants. Properly construed, the contract together with the section of the statute above referred to did not justify the construction that the 85 per cent should be paid regardless of whether Lawrence had paid his labor or material. It necessarily should have been construed by the court to the contrary.

Our previous discussion of the case has eliminated the necessity of considering the questions of tender and waiver sought to be raised by the appellants.

The order appealed from is affirmed.